```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS                    :
716 North Barrett Lane          :
Christiana, DE 19702            :   DISTRICT COURT
    PLAINTIFF                   :
                                :
    v.                          :   No. 04-251 JJF
                                :
JO ELLEN CHAPEN SHELDON         :
708 Pebble Beach Drive          :   MOTION FOR PROTECTIVE ORDER
Elkton, MD 21921                :
    DEFENDANT                   :
```

**MOTION FOR PROTECTIVE ORDER**

Defendants, Jo Ellen Chapen Sheldon, hereby moves this Honorable Court pursuant to Federal Rule 26(c)(1)and(4)as well as Local District Court Civil Rule 26.1(b) for entry of an order protecting Defendant from answering Discovery as propounded by Plaintiff. In support of this motion, the Defendant states the following:

1.  Plaintiff's original attorney filed suit against Defendant as a result of an automobile accident which occurred on April 23, 2002, which involves a motor vehicle accident designated as non-reportable by the police officer, with no charges assessed against either driver. ( Exhibit A)

2.  Defendant initially filed a Motion to Dismiss one of the Defendants which was granted on March 24, 2005 as to Defendant David Sheldon.  Defendant served Plaintiff's attorneys, Joseph Jachetti and Charles Cooper with the Rule 26(a) Initial Disclosures and documents on June 10, 2005.  Depositions of the Defendant and Plaintiff were taken on July 6, 2005. On August 1, 2005, Defendant provided Plaintiff's counsel with her cell phone records for the time of the accident. All medical records obtained since the filing of suit through the present have been sent to Plaintiff's attorney or to Plaintiff.

3.  On December 5, 2005, Kevin Healy substituted his appearance for that of the initial attorneys on behalf of the Plaintiff.  On February 2, 2006, the Motion of Kevin Healy to Withdraw as Counsel for Plaintiff was granted.  Plaintiff has

been proceeding *Pro Se* since that time.

    4.   On December 4, 2006, Plaintiff served Interrogatories and Requests for Production on the Defendant. (Exhibits B and C) While 43 Interrogatories were propounded, many of them include numerous sub-parts and request information which is neither relevant or reasonably calculated to lead to discoverable evidence.

    5.   Local District Court Civil Rule 26.1(b) permits no more than 50 interrogatories, with each subpart to be counted as a separate interrogatory. Federal Rule of Civil Procedure 26 (c) provides for a Protective Order for good cause shown, because (1) a disclosure or discovery may not be had, as well as (4) that certain matters may not be inquired into. Defendant requests a protective order because of the number of interrogatories propounded as well as the substance of numerous interrogatories.

    6.   Interrogatory (hereinafter "int.") 1 requests 8 different pieces of information, int. 2 requests 3 pieces of information, int. 3 requests at least 8 pieces of information without dividing the requests into sub-parts. Thus, the first three questions constitute 19 questions. Defendant counts 50 sub-parts in interrogatories number 1 through 8 alone.

    7.   As the interrogatories proceed, int. 20 asks whether Defendant has ever been arrested or detained for any crime, whether there were injuries, information about all medical treatment for such injuries, convictions of crimes among other

things. Int. 23 asks whether defendant was under the care of any physician or psychologist, the names of all physicians, all illnesses for which Defendant has treated for the ten years before the accident, among other things.

8. Int. 35 asks for all employment of Defendant for the past ten years to include dates of employment, reasons for termination of employment, gross and net income for each job, W-2 information and other sources of income, among other things. Int. 36 through 40 ask for information about all real estate ever owned by Defendant, the value of the real estate, information about all stocks, bonds and investments for the past 10 years, the details about any monies which may be owed to Defendant, all vehicles, farm machinery and whether Defendant has sold or disposed of any property in the past seven years. Int. 41 asks for all financial and net worth statements of the Defendant for the past 10 years.

9. It is impossible to go through each interrogatory in this Motion to identify all of the sub-parts and information requested to which Plaintiff is not entitled. The Federal Rules of Civil Procedure do not allow a Plaintiff to discovery information about a defendant's finances on the basis that this is neither relevant nor likely to lead to discovery of admissible evidence absent  as noted in *Pinkert v. John J. Olivieri, P.A.*, 2001 WL 641737, (D. Del. 2001) Federal Rule of Evidence 503 permits a party to claim as privileged all medical records and

communications unless the party makes that medical condition an element of the claim or defense, which the Defendant has not done here.

    10.   Plaintiff's Requests for Production request all documents which correspond to the Interrogatories, many of which cannot be answered for the reasons stated above.  Without prejudice to her objections, Defendant is providing Plaintiff with another copy of all Rule 26 (a) disclosures, all medical records in Defendant's file as well as all of the documents previously produced to Defendant by Plaintiff's attorney.

    11.   Defendant's counsel has conferred with Plaintiff to try to resolve these issues without success.

    WHEREFORE, the Defendant respectfully request that this Court grant her Motion for a Protective Order and Orders Plaintiff to revise her Interrogatories and Requests for Production to conform with the Rules of the Court.

    /S/Beth H. Christman
BETH H. CHRISTMAN, ESQ.
I.D. No. 2107
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant

DATE:     January 3, 2007

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS                    :
716 North Barrett Lane          :
Christiana, DE 19702            :    DISTRICT COURT
     PLAINTIFF                  :
                                :
     v.                         :    No. 04-251 JJF
                                :
JO ELLEN CHAPEN SHELDON         :
708 Pebble Beach Drive          :    ORDER
Elkton, MD 21921                :
     DEFENDANT                  :
```

### ORDER

On this _____ day of _____, 2007, for the reasons stated in Defendants' Motion to Dismiss, the Defendants' Motion for a Protective Order is GRANTED and the Plaintiff is ORDERED to revise her Interrogatories and Requests for Production to comply with the Court's Rules.

_____
                            J.

**CERTIFICATE OF SERVICE**

    I, BETH H. CHRISTMAN, hereby certify that I have served by U.S. District Court e-file on this  3rd  day of January, 2007, true and correct copies of the attached document, addressed to:

Ashley Adams
P.O. Box 7652
Newark, DE 19714

                            /S/Beth H. Christman
                            BETH H. CHRISTMAN, ESQ.
                            I.D. No. 2107
                            Casarino, Christman & Shalk, P.A.
                            800 N. King Street, Suite 200
                            P.O. Box 1276
                            Wilmington, DE 19899
                            (302) 594-4500
                            Attorney for Defendant