UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ASHLEY ADAMS**<br>716 N Barrett Lane<br>Christiana, DE  19702<br>    PLAINTIFF<br><br>v.<br><br>**JO ELLEN CHAPEN SHELDON**<br>708 Pebble Beach Drive<br>Elkton, MD  21921<br>    DEFENDANT | :<br>:<br>:     DISTRICT COURT<br>:<br>:<br>:     No. **04-251  JJF**<br>:<br>:<br>:<br>:<br>: |

### PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS DIRECTED TO THE DEFENDANT

Pursuit to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Ashley Adams (hereinafter "Plaintiff" or "Adams") hereby request that the Defendant produce and permit Plaintiff to inspect and copy or cause to be copied the documents specified below.  The documents shall be produced within thirty (30) days of service of this request.  Plaintiff also requests that Defendant serve written responses to these Requests.

**DEFINITIONS**

The words "you" or "your", or "defendant" mean the defendant JoEllen Sheldon, and/or person or persons acting on behalf of her, including but not limited to, her attorneys or any other persons acting on behalf of the attorneys representing her.

"State Farm Insurance" refers to defendant State Farm Insurance, its agents, employees, officers, directors, principals and other representatives, and its predecessors, successors, affiliates, subsidiaries, parent corporations or assigns, collectively and singly, and their agents, employees, officers, directors, principals and other representatives.

"Person" means any natural person or corporation, business, legal or

governmental entity of association.

As used herein, the term "document" shall mean and include without limitation, all writings of any kind (including the original and all identical copies, whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, correspondence, memoranda, notes, diaries, contracts, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office correspondence, offers, notations of any sort of conversations, meetings, or other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets, and all drafts, alterations, modifications, changes and amendments of any or the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, video tape recordings, motion pictures), any electronic, mechanical, or electrical records or representations of any kind (including, without limitation, e-mail, tapes, cassettes, disks, and recordings) in your possession and/or control or known by you to exist.

**INSTRUCTIONS**

In responding to the following document requests, Defendant shall state separately with respect to each category of documents requested herein whether she acknowledges having any such documents or claims to have no such documents in her possession, custody or control. With respect to those categories of documents that Defendant acknowledges having, Defendant shall further state in written response whether she agrees to produce all such documents in her possession, custody or control to Plaintiff or objects to the production of any such documents, in which latter case, Defendant shall set forth in detail the nature of each and every objection asserted to the Plaintiff's requests.

If a request is made for production or identification of documents which are no longer in Defendant's possession, or to which she no longer has access, state when such documents were ever in the possession, custody or control of Defendant and what disposition was made of them, including an identification of the person presently in possession or control of such document. If the documents have been destroyed, state when such documents were destroyed, state the person who directed that such documents be destroyed and the person who destroyed the documents, and state the reasons the documents were destroyed.

If you contend that any document sought is exempt from discovery because it falls within the attorney-client privilege, or it was prepared in anticipation of litigation or in preparation for trial, you are to provide the following information in each such instance: (a) the privilege or protection which you contend applies; (b) the author, the date and the recipients of the document; and (c) the subject matter of the information that you contend is privileged or protected from discovery.

Defendant shall promptly supplement this production if additional responsive documents are located subsequent to the time of production. However, nothing contained herein shall relieve Defendant of her duty to perform a diligent search for all requested documents and to produce them initially within the specific time. This instruction shall not constitute a waiver of the Plaintiffs' right to seek the preclusion at trial of any documents not produced in a timely manner or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**: All documents in your possession that are written on paper bearing the name of the Plaintiff, which relates to the claim and/or which you may use in this litigation, including any electronic mail sent or received by you that relates to the Complaint.

**Response**

**Document Request No. 2**: Any and all documents that refer to, reflect, evidence, support or refute Plaintiff's claim, including, but not limited to, documents relating to Plaintiff's damages and injuries.

**Response**

**Document Request No. 3**: All documents and files that Defendant kept during the course of or in connection with the automobile accident in this action, including, but not limited to, calendars, logs, notes, reports, and/or diaries.

**Response**

**Document Request No. 4**: All documents that refer to, reflect, evidence, support or refute claims or allegations that you had with any person relating to the claims asserted in the Complaint.

**Response**

**Document Request No. 5**: If you contend that you initiated a 9.1.1. call at the time of the automobile accident, provide all documents that refer, reflect, evidence, support that claim, in particularity, providing copies of the cellular telephone bill that shows such call, providing copies of all cellular telephone bills listed to your household, or at you available use, showing specifically the time period immediately prior to the automobile accident, and that period after.

**Response**

**Document Request No. 6**: If you contend that the injuries that the Plaintiff has suffered are not a direct result of your negligence, provide all documents that refer to, reflect, evidence, support or refute your allegations.

**Response**

**Document Request No. 7**: All documents that refer to, reflect, evidence, support or refute the Defendants' negligent driving that was a direct and proximate cause to Plaintiffs' injuries and damages.

**Response**

**Document Request No. 8**: All documents that refer to, reflect, evidence,

support or refute that "your foot merely slipped of the brake".

**Response**


**Document Request No. 9**: If you contend you suffered no injury, provide all documents that refer to, reflect, evidence, support or refute, by providing medical records from all your attending physicians.

**Response**


**Document Request No. 10**: Provide claims submitted to your insurance carrier as a result of this automobile accident, showing in detail, each dollar amount submitted and the final dollar value provided by the insurance carrier.

**Response**


**Document Request No. 11:** Provide actual work schedule, showing actual hours worked, time missed, within the time period that such a claim for injury or other inconvenience would have cause, providing all documents that refer to, reflect, evidence, support or refute.

**Response**

**Document Request No. 12**:   All documents that refer to, reflect, evidence, support or refute you work schedule, start time, finish time, and whether you were tardy for work on that day of the automobile accident.

**Response**

**Document Request No. 13**:   All documents that refer to, reflect, evidence, support or refute that you did not sustain injuries and damages as a result of the automobile accident.

**Response**

**Document Request No. 14**:   If you claim to have had a conversation with the Plaintiff at the scene of the accident, provide all documents that refer to, reflect, evidence, support or refute the contents of that conversation.

**Response**

**Document Request No. 15**:   All documents that refer to, reflect, evidence, support or refute your statement to the police officer investigating the accident.

**Response**

**Document Request No. 16**:   All documents that refer to, reflect, evidence, support or refute any notes, logs, diaries, calendars or other papers or information maintained by you which relate to any of your defenses in this case or upon which you may rely in the litigation or trial of this matter.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY ADAMS<br>716 N Barrett Lane<br>Christiana, DE  19702<br>    PLAINTIFF<br><br>v<br><br>JO ELLEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD  21921<br>    DEFENDANT | DISTRICT COURT<br><br>No. 04-251 JJF |

TO:  The United States District Court
     For the District of Delaware
     The Honorable Judge Joseph J Farnan, Jr
      844 N King Street
     Lock Box 44
     Wilmington, DE  19801

**NOTICE OF SERVICE**

I hereby give notice that I caused two (2) true and correct copies of the foregoing **Plaintiff's First Request for Production of Documents** to be served upon the following on the date set forth below, via first class mail, postage prepaid:

Beth H Christman
CASARINO, CHRISTMAN, & SHALK, P.A.
800 N King Street, Suite 200
P.O. Box 1276
Wilmington, DE  19899
Attorney for Defendant

By: *Ashley Adams*

Ashley Adams
716 N Barrett Lane
Christiana, DE  19702

Plaintiff, pro se

Dated November 27, 2006