UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS | : | |
| 716 North Barrett Lane | : | |
| Christiana, DE 19702 | : | DISTRICT COURT |
|     PLAINTIFF | : | |
| | : | |
|     v. | : | No. 04-251 JJF |
| | : | |
| JO ELLEN CHAPEN SHELDON | : | |
| 708 Pebble Beach Drive | : | |
| Elkton, MD 21921 | : | |
|     DEFENDANT | : | |

<u>DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S</u>
<u>MOTION FOR SUMMARY JUDGMENT</u>

                                  BETH H. CHRISTMAN, ESQ.
                                  Del. Bar I.D. No. 2107
                                  CASARINO, CHRISTMAN & SHALK, P.A.
                                  800 N. King Street, Suite 200
                                  P.O. Box 1276
                                  Wilmington, DE 19899
                                  302-594-4500
                                  Attorney for Defendant Sheldon

FILING DATE: June 27, 2007

TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | -ii- |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF THE ARGUMENT | 2 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 6 |
|     AS EXPERT TESTIMONY MUST BE PROVIDED REGARDING CAUSATION OF INJURIES, SUMMARY JUDGMENT MUST BE GRANTED DUE TO PLAINTIFF'S FAILURE TO DESIGNATE AND PROVIDE EXPERT OPINIONS RELATING HER CLAIMS OF INJURY TO THE ACCIDENT | 6 |
| CONCLUSION | 12 |
| ORDER | 13 |
| REQUEST FOR A HEARING | 14 |
| CERTIFICATE OF SERVICE | 15 |

TABLE OF CITATIONS

Citations:                                                          Page:

*Bushman v. Halm*, 798 F.2d 651, 657-661 (3rd Cir. 1986)   . . 6, 10

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . . . . 9, 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) . . . . . . . . . . . . . . . . . . . 8, 9, 11

*Graham v. F.B. Leopold Co., Inc.*, 779 F.2d 170, 173
(3rd Cir. 1985)   . . . . . . . . . . . . . . . . . . . . . . . 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 586 (1986) . . . . . . . . . . . . . . . . . . . . 10

*Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*,
596 A.2d 1372 (Del. 1991)   . . . . . . . . . . . . . . . . . . 7,8

*Moody v. Maine Central Roadway Company*,
823 F.2d 693 (1st Cir. 1987)   . . . . . . . . . . . . . . . . 6,7

*In re Paoli R.R.*, 35 F.3d 717 (3rd. Cir. 1994)   . . . . . . . . 9

*Strok v. F/T Northern Jaeger*, 1992 WL 503590 (W.D. Wash.) . . 7,8

*United States v. Williams*, 2007 WL 1643197 (3rd Cir.)   . . . . 9

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Ashley Adams filed suit on April 20, 2004 as a result of an April 23, 2002 motor vehicle accident. Rule 26(a) Initial Disclosures were provided by Plaintiff on June 20, 2005 in which she designated as experts Drs. King, Eppley, Briggs, Grossinger, Brooks, Marks and Donald E. Jennings, Ed.D.[1] Records of medical treatment were provided with that document.

Depositions of the Plaintiff and Defendant were taken on July 6, 2005 at which time Ms. Adams was represented by Charles Cooper, Esquire.

A Trial Scheduling Order was issued on December 11, 2006, stating that reports from experts required by Fed. R. Civ. P. 26 (a)(2) were due from the party with the burden of proof by April 30, 2007.[2] To date, Plaintiff has not supplied such reports from any expert. Dispositive Motions are due by July 2, 2007.

Suit was filed on behalf of Plaintiff by Joseph Jachetti, Esquire and Charles Cooper, Esquire. They withdrew their representation of Plaintiff who was then represented by Kevin Healy, Esquire. He subsequently withdrew his appearance on behalf of the Plaintiff. Plaintiff is currently representing herself in this matter.

---

[1] (A-28-34)

[2] (A-35-38)

## SUMMARY OF THE ARGUMENT

Plaintiff will need expert testimony to support her claims of injury which she states were caused by the April 2002 accident, particularly as she had similar pre-existing problems for which she sought treatment. As she has failed to comply with the expert deadlines and has not provided any reports as to causation which address her prior condition and whether it was changed as a result of the April 2002 accident, Defendant asserts that she should not have to continue to defend this case and Summary Judgment should be granted.

STATEMENT OF FACTS

Plaintiff Ashley Adams filed suit on April 20, 2004 as a result of an April 23, 2002 motor vehicle accident, claiming neck and back injuries.[3] This accident was designated as non-reportable by the police officer, with no charges assessed against either driver.[4] Plaintiff, in her deposition on July 6, 2005, stated that her vehicle was impacted in the rear by a vehicle driven by Ms. Sheldon.[5] The damage to Ms. Adams' Honda Civic was two round indentations from the bolts of Ms. Sheldon's license plate holder.[6]

Plaintiff testified that she had no problems in the five years before the April 2002 accident and was very active. (A-44) Although Plaintiff testified initially that she was never known by any first name other than Ashley, she later stated that she has also used the first name of Doris.[7] As a result of the

---

[3] (A-21-27)

[4] (A-1-2)

[5] References to Ms. Adams' July 6, 2005 deposition transcript will be as follows (A-39-50).

[6] Photographs of the rear of Ms. Adams' vehicle were attached to her deposition transcript as Adams # 1 and Adams # 2. (A-3-4)

[7] (A-40)

-3-

accident with Ms. Sheldon, Plaintiff is alleging she sustained a fracture of the neck at C6-7 and herniated discs.[8]

Plaintiff was in a previous accident in February of 2002 which she has testified was insignificant, although she said she had some muscle aches and pain after it.[9] Medical records obtained from previous health care providers show that Plaintiff treated for chronic neck pain, severe back pain and other complaints. She was in Union Hospital from November 3, 2001 through November 7, 2001 to treat for these problems.[10] Dr. Marks stated he was treating her for neck and head as well as other complaints as noted in his reports of February 20, 2002 and March 26, 2002.

Since this accident, Plaintiff was treated by Dr. Bruce Rudin, who provided a note stating that there was significant arthritic components to the alleged cervical fracture and said he would not be surprised if this was all old.[11]

Plaintiff has not provided any expert reports to support her claim that the problems for which she is treating were caused by

---

[8] (A-41)

[9] (A-42)

[10] Union Hospital Discharge Summary of November 7, 2001 and reports of Eric Marks, D.C. dated February 20, 2002 and March 26, 2002 are attached at A-5-15.

[11] Office note of Bruce Rudin, M.D. dated June 3, 2002, attached at A-16-20.

-4-

the accident of April 23, 2002 as opposed to any other accident or health problems which she had in the past.

ARGUMENT

AS EXPERT TESTIMONY MUST BE PROVIDED REGARDING CAUSATION OF INJURIES, SUMMARY JUDGMENT MUST BE GRANTED DUE TO PLAINTIFF'S FAILURE TO DESIGNATE AND PROVIDE EXPERT OPINIONS RELATING HER CLAIMS OF INJURY TO THE ACCIDENT.

Plaintiff is alleging significant injuries against the Defendant in this case. Although she denies a history of similar problems in the five years before the accident, medical records demonstrate that she was treating for similar problems in the year before the accident. Given this prior treatment, she must provide an expert to explain how, if at all, her condition was changed as a result of the accident on April 23, 2002.

The Third Circuit Court of Appeals has recognized that there are situations where health-related injuries require direct expert testimony as to proximate cause.[12] These situations arise when "subjective evidence of a condition [is] not identifiable with an alleged injury." *Id.* at 658. This legal theory "is a rational outgrowth of the legal premise that inferred factual conclusions may be drawn from basic facts only to the extent that logic and human experience indicate a probability that certain consequences can and do follow from basic facts." Id. at 659.

In *Moody v. Maine Central Roadway Company*, the First Circuit Court of Appeals, considering defendant's motion for summary

---

[12] *Bushman v. Halm*, 798 F.2d 651, 657-661 (3rd Cir. 1986).

judgment, evaluated whether expert testimony was required for a jury to determine whether plaintiff's workplace caused his fatigue, depression and angina.[13] The First Circuit, in finding that defendant was entitled to summary judgment, quoted from the torts treatise of Prosser and Keeton that "[w]here the conclusion [of causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn."[14]

In the case of *Strok v. F/T Northern Jaeger,* the United States District Court for the Western District of Washington, in deciding defendant's motion for partial summary judgment, evaluated whether expert testimony was required for a jury to determine whether plaintiff's alleged ongoing stomach problems were caused by an earlier injury to his abdomen.[15] Plaintiff, while working on a ship, was struck in the abdomen by a carton of frozen seafood. The Court reasoned that "causation becomes extremely tenuous and difficult to determine through common experience when such symptoms prevail for over a year...".[16] The Court concluded that a jury would need expert evidence to

---

[13] 823 F.2d 693 (1st Cir. 1987).

[14] *Id.* at 695.

[15] 1992 WL 503590(W.D. Wash.).

[16] *Id.* at *4(referencing the Delaware case of *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*, 596 A.2d 1372 (Del. 1991)).

evaluate whether plaintiff's allegedly ongoing lack of appetite and recurring abdominal bulge was causally related to plaintiff's initial injury.

This case involves an accident which occurred in Delaware. The Supreme Court of Delaware has found that there are situations where health-related injuries require direct expert testimony as to proximate cause.[17] These situations arise when "the issue of proximate cause is presented in a context which is not a matter of common knowledge."[18]

When this occurs, Plaintiff is required to prove by expert testimony that there is a causal connection between the claimed injuries and the defendant's negligence with competent evidence.[19] Lack of expert testimony in this area of causation results in the Plaintiff's failure to establish its *prima facie* case on the issue of causation.[20]

Under Federal Rule of Evidence 702, the trial judge is imposed with a special "gatekeeping" obligation to ensure that expert testimony is not only relevant but reliable. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the United States Supreme

---

[17] *Money v Manville Corp. Asbestos Disease Compensation Trust Fund*, 596 A.2d 1372, 1376-1377 (Del. 1991).

[18] *Id.* at 1376.

[19] *Id.* at 1375-76.

[20] *Id.* at 1377-78.

-8-

Court addressed the admissibility of expert testimony.[21] In deciding *In re Paoli R.R.*, the Third Circuit Court of Appeals recognized the standards adopted in *Daubert* and reiterated that an expert must be qualified before an opinion may be proffered.[22] As discussed most recently in *United States v. Williams*, courts have an "obligation to insure that only reliable and relevant expert testimony be presented to jurors...".[23] Although federal courts have some latitude in determining whether the *Daubert* factors, or some alternative set of "reliability criteria" are best suited to measure the reliability of certain evidence, courts are charged with evaluating the "trustworthines of the expert's testimony".[24]

As Plaintiff has no expert opinion as to the causation of any claim of damage, Defendant is entitled to Summary Judgment in his favor in this case. A Motion for Summary Judgment is properly granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[25] When confronted with a Motion for Summary

---

[21] 509 U.S. 579 (1993).

[22] 35 F.3d 717, 741-744 (3rd. Cir. 1994).

[23] 2007 WL 1643197 (3rd Cir.).

[24] *Id.* at *2.

[25] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Judgment, the party bearing the burden of proof at trial must submit sufficient evidence to establish a prima facie case for each essential element of the claim in question.[26]

Under Rule 56, "the appropriate judicial inquiry...is whether, 'from the evidence available at the time of the motion's disposition, *a jury* [c]ould reasonably have inferred [either directly or circumstantially] that [plaintiff's injuries resulted from the accident]."[27] To survive a motion for summary judgment, the opposing party must demonstrate more than assert the existence of a disputed issue of fact.[28]

This is not a case in which a jury could make a determination through use of common sense or logic that Plaintiff's problems were caused by the accident in this case. As the Plaintiff had similar problems in the past, she must provide expert testimony to support her claims of injury.  She cannot provide hearsay testimony as to what she was told by physicians to support her case, especially given the discrepancies noted in her testimony.

In particular, Plaintiff denied any problems in the five

---

[26] *Id.*

[27] *Bushman v. Halm, Supra. (emphasis and brackets added* in quoting *Graham v. F.B. Leopold Co., Inc.,* 779 F.2d 170, 173 (3rd Cir. 1985).

[28] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

years before the accident, while treatment records show a hospitalization in the year before the accident for similar problems. Thus, it is very important that she provide expert medical opinions to support her claims of injury which meet the *Daubert* standards to testify as to how, if at all, her condition was changed due to the accident in the case at hand.

Further, when a treating Orthopaedic Surgeon, Dr. Rudin, has brought into question whether her claim of a fracture of the cervical spine in this minor accident was really an old finding, it is particularly necessary that expert testimony be provided. Further, it does not follow logically that someone who was in a low impact accident with very minor vehicle damage would sustain a fracture to the neck.

As Plaintiff has not complied with the expert deadlines and has not provided expert testimony with an adequate basis to survive a *Daubert* inquiry, Defendant should not be required to continue to defend this matter and Summary Judgment must be granted in her favor.

CONCLUSION

Defendant respectfully requests that because of the complex medical issues involved in this case, and Plaintiff's failure to provide the reports necessary to pursue her claims, that the instant Motion for Summary Judgment be granted in her favor and that this action be dismissed.

                                    Respectfully submitted,

                                    /S/Beth H. Christman
                                    BETH H. CHRISTMAN, ESQ.
                                    I.D. No. 2107
                                    Casarino, Christman & Shalk, P.A.
                                    800 N. King Street, Suite 200
                                    P.O. Box 1276
                                    Wilmington, DE 19899
                                    (302) 594-4500
                                    Attorney for Defendant Sheldon

DATE:    June 27, 2007

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

ASHLEY ADAMS                        :
716 North Barrett Lane              :
Christiana, DE 19702                :       DISTRICT COURT
     PLAINTIFF                      :
                                    :
     v.                             :       No. 04-251 JJF
                                    :
JO ELLEN CHAPEN SHELDON             :
708 Pebble Beach Drive              :
Elkton, MD 21921                    :
     DEFENDANT                      :

## ORDER

WHEREAS, Defendant Jo Ellen Chapen Sheldon has moved for summary judgment in the above-captioned action, and the Court has considered the submissions of the parties on the motion.

IT IS HEREBY ORDERED this ____ day of _____ 2007 that Defendant Jo Ellen Chapen Sheldon's motion for summary judgment is GRANTED.

```
                              _____
                              United States District Judge
```

-13-

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| ASHLEY ADAMS | : | |
| 716 North Barrett Lane | : | |
| Christiana, DE 19702 | : | DISTRICT COURT |
|     PLAINTIFF | : | |
| | : | |
| v. | : | No. 04-251 JJF |
| | : | |
| JO ELLEN CHAPEN SHELDON | : | |
| 708 Pebble Beach Drive | : | |
| Elkton, MD 21921 | : | |
|     DEFENDANT | : | |

**REQUEST FOR A HEARING**

Defendant Jo Ellen Chapen Sheldon hereby requests a Hearing on its Motion for Summary Judgment.

/s/ Beth H. Christman
BETH H. CHRISTMAN, ESQ.
Del. Bar I.D. No. 2107
CASARINO, CHRISTMAN & SHALK, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
302-594-4500
Attorney for Defendant Sheldon

FILING DATE:  June 27, 2007

-14-

## CERTIFICATE OF SERVICE

I, SARAH C. BRANNAN, hereby certify that I have caused to be deposited in the U.S. Mail, postage prepaid, the 27th day of June, 2007 two true and correct copies of the following document:

<u>DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S<br>
MOTION FOR SUMMARY JUDGMENT</u>

addressed to:

Ashley Adams
P.O. Box 7652
Newark, DE 19714

CASARINO, CHRISTMAN & SHALK, P.A.

/s/Sarah C. Brannan
BETH H. CHRISTMAN, ESQ.
Del. Bar ID No. 2107
SARAH C. BRANNAN, ESQ.
Del. Bar ID No. 4685
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-1276
(302) 594-4500
Attorneys for Defendant Sheldon