**DEFENDANT'S APPENDIX**

**PART C**

# FIRST STATE ORTHOPAEDICS

Date 6-3-02    Patient Name Ashley Adams    MAY

## PATIENT'S CHIEF COMPLAINT

Describe your medical problem or injury and how it occurred ( ☐ Right  ☐ Left )  Fx C6-C7 spine

_____

_____

_____

When did your symptoms begin? at accident    Date of injury 4/23/02

Doctors who have treated you for this problem Dr King - hospitalize at Christiana

Have you been off work for this problem? ☑ Yes  ☐ No    Dates off work _____

Activities you participate in involving your injury: _____

Have you ever had a similar problem? If yes, please give details  NO

_____

_____

## HISTORY OF PRESENT INJURY

Describe your pain:    ☐ Sharp  ☐ Dull  ☐ Throbbing  ☐ Achy  ☑ Other: severe

How severe is your pain?    ☐ Minor  ☐ Moderate  ☑ Severe

What is the duration of your pain?    ☐ Intermittent  ☑ Constant

When are you in pain?  ☑ All the time  ☐ Morning  ☐ Nights  ☐ With exercise  ☐ Other: _____

Is your pain getting:  ☐ Worse  ☐ Better  ☑ Same

My pain is relieved when I:  ☑ Rest  ☐ Apply heat  ☐ Ice it  ☐ Elevate it  ☐ Other: _____

Associated signs/symptoms:  ☐ Bruising  ☑ Numbness  ☐ Tingling  ☐ Swelling  ☑ Limited range of motion
                                          some
                            ☐ Other: _____

## For Office Use Only

| | | | | DR: |
|---|---|---|---|---|
| Dos 6-3-02 | ☐ Initial Visit | ☐ Unable to Complete/Reason: _____ | | |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |
| Dos _____ | ☐ No Change | ☐ Updated | ☐ Unable to Update/Reason: _____ | DR: ___ |

03/01

# PATIENT'S MEDICAL CONDITION

☐ Right handed   ☐ Left handed                                    Weight _130_ lbs.

My weight in the last 6 months has: ☑ Not changed   ☐ Increased _____ lbs.   ☐ Decreased _____ lbs.

Please detail any special diet program you are on _____

Please list any diet medication you are taking _____

Please list all medications taken regularly _____

_____

Are you allergic to any medications?   ☐ Yes   ☑ No   If yes, please list _____

If you have had a problem with any of the following, please check ✔

| | | |
|---|---|---|
| ☐ Allergies | ☐ High blood pressure | ☐ Skin Problems |
| ☐ Asthma | ☐ Kidney Trouble | ☐ Sleep Apnea |
| ☐ Bronchitis | ☐ Phlebitis | ☐ Stomach Trouble |
| ☐ Cancer | ☐ Pneumonia | ☐ Substance Abuse |
| ☐ Diabetes | ☐ Recent Fevers | ☐ T.B. |
| ☐ Heart Trouble | ☐ Rheumatic Fever | ☐ Tonsillitis |
| ☐ Hepatitis | ☐ Seizures | ☐ VD |
| ☐ Other: _____ | | |

# PATIENT'S MEDICAL HISTORY

☑ Smoker   ☐ Non Smoker                          Consume Alcohol?   ☐ Yes   ☑ No

Please list any other recent injuries, infections, or illnesses _____

_____

Please list any operations or hospitalizations in last 3 years _____

Have you ever had general anesthesia?   ☐ Yes   ☐ No

    If yes, please describe complications, if any: _____

_____

Have you ever been tested for HIV?   ☐ Yes   ☐ No   If yes, result was:   ☐ Positive   ☐ Negative   ☐ Unknown

Have you ever been seen by another physician in this practice?   If yes, Dr._____

If you are a female between ages 10-18, what was the date of your first period? _____

Is your father living?   ☐ Yes   ☑ No   If no, age deceased _68_   cause of death _____

Is your mother living?   ☐ Yes   ☑ No   If no, age deceased _68_   cause of death _____

Are any of your brothers/sisters deceased?   If yes, date deceased _____   cause of death _____

Is there a family history of chronic/inherited diseases   ☐ Yes   ☐ No

If yes, please describe _____

_____

# SIGNATURE

Date: _6/3/02_                    Signature of Patient, Parent, or Guardian _Ashley Adams_

A    17

# FIRST STATE ORTHOPAEDICS

| | | | | | |
|---|---|---|---|---|---|
| ☐ Dr. Axe | ☐ Dr. Crain | ☐ Dr. Hogan | ☐ Dr. Katz | ☐ Dr. Noyes | ☑ Dr. Rudin | ☐ Dr. Steele |
| ☐ Dr. Bodenstab | ☐ Dr. Hershey | ☐ Dr. Kahlon | ☐ Dr. Newcomb | ☐ Dr. Raisis | ☐ Dr. Sowa | |

Date 10·3·02

## PATIENT INFORMATION

Name Adams Ashley T
(LAST) (FIRST) (MI)

Address 710 N Barretts Run

Development _____

City/State/Zip Christiana DE 19702

Home Phone ( ) _____ Mobile (302) 393 3525

Family Doctor King Phone (302) 777 3955

Occupation Accountant

Employed by Delaware Park

Business Phone (302) 355 1000 Fax ( ) _____

Date of birth 8/2/52 Age 49 ☐ Male ☑ Female

☑ Single ☐ Married ☐ Divorced ☐ Widowed

Relationship to Responsible Person Self

Referred by Dr King

Social Security No. 216 56 7815

Name of Spouse/Parent _____

Employed by _____

Business Phone ( ) _____

## PERSON RESPONSIBLE FOR PAYMENT (IF NOT PATIENT)

Name _____
(LAST) (FIRST) (MI)

Address _____

Development _____

City/State/Zip _____ *Self*

Home Phone ( ) _____

Social Security No. _____

Relationship to Patient _____

Employed by _____

Business Phone ( ) _____

## INSURANCE INFORMATION

### PRIMARY

Subscriber's Name Adams Ashley T
(LAST) (FIRST) (MI)

Insurance Co. Name State Farm Ins

Insurance Co. Address _____

City/State/Zip _____

Patient's I.D. No. _____

Group/Account No. Same as above

Relationship to Patient _____

Date of Birth _____

Social Security No. _____

### SECONDARY

Subscriber's Name _____
(LAST) (FIRST) (MI)

Insurance Co. Name _____

Insurance Co. Address _____

City/State/Zip _____

Patient's I.D. No. _____

Group/Account No. _____

Relationship to Patient _____

Date of Birth _____

Social Security No. _____

## (✓ Box) ☑ AUTO ACCIDENT ☐ WORK RELATED INJURY

Insurance Co. Name State Farm Insurance

Insurance Co. Address 9525 Harford Rd (72558)

City/State/Zip Baltimore MD 21234

Insurance Co. Phone 410-444-7047

Name of Adjuster Patsy Dillon

Name of Attorney Joseph Jachetti

Attorney Phone (302) 994-1000

Date of Injury 4/23/02

State in which Injury Occurred DE/MD

Claim No. 205502158

*(Complete the following if accidental injury)*

Where Accident Occurred 896 Old Baot P, Rd

How Accident Occurred Rear end collision

A 18

(OVER)

Cervical

Acct#_____

## PARENTAL / GUARDIAN CONSENT TO TREAT MINOR CHILDREN

Patient Name: _____  INJURY: _____

   As the parent or legal guardian of the patient identified above, I give consent to First State Orthopaedics, P.A., it's physicians and healthcare providers, to perform the following procedures for the above injury in the FSO offices:

|  |  |
|---|---|
| Examinations | X-Rays |
| Cast/Splint Fractures | Injections/Aspirations |
| Minor Surgical Procedures | Prescribe Medications |

   My consent is for today's date of service and on all dates from this day forward as deemed necessary by First State Orthopaedics, P.A., it's physicians and professional health care providers. I agree that I need not be present on follow up visits in order for this consent to be valid.

I am aware that the practice of medicine is not an exact science, and I acknowledge that I have been given no guarantee of assurance as to the results that may be obtained on today's and on any subsequent treatment or examination.

By granting my consent and authority at this time, I hereby agree that I will hold First State Orthopaedics, P.A., it's physicians and professional health care providers, harmless from any and all liability which may arise from a claim based upon a lack of informed consent.

_____          _____
   Signature of parent or legal guardian                    Date

## FIRST ASSISTANT AT SURGERY

   First State Orthopaedics, P.A., employs board certified physician assistants who are trained to perform the duties of a first assistant at surgery and to assist in the office. Our billing to your insurance carrier may include a fee for the physician assistant.

## MEDICARE SIGNATURE ON FILE

   "I request that payment of authorized Medicare benefits be made on my behalf to First State Orthopaedics, P.A., for any services furnished me by that physician(s). I authorize any holder of medical information about me to release to the United States Department of the Health Care Financing Administration, which oversees the Medicare program, and its agents any information needed to determine these benefits or the benefits payable for related services."

_____          _____
   Signed: Medicare Beneficiary                    Date

## FINANCIAL RESPONSIBILITY STATEMENT/INSURANCE ASSIGNMENT

   I accept responsibility to insure that payment is made for all services rendered on my behalf. I understand that my insurance policy is a contract between me and my insurance company and that I am responsible to First State Orthopaedics, P.A., for all fee balances determined to be patient responsibility.

   I hereby authorize and direct payment to First State Orthopaedics, P.A., for surgical and/or medical benefits, if any, otherwise payable to me under the terms of any applicable insurance. I authorize the release of any medical information necessary to process claims. I hereby authorize photocopies of this form to be as valid as the original.

   First State Orthopaedics, P.A., is hereby authorized to take any legal action which may be necessary either in law or in equity in my name against any insurance company for any and all fee balances, and I covenant and agree to cooperate fully with First State Orthopaedics, P.A., in the presentation of such claims and to furnish all papers and documents necessary in such proceedings and to attend court and testify if First State Orthopaedics, P.A., deems such to be necessary.

   In the event of default on any payment due First State Orthopaedics, P.A., which are my responsibility, I agree to pay all cost of collection including attorney fees. Balances not paid within 90 days are subject to collection procedures and a collection fee.

If the patient is a minor, the parent or legal guardian must sign

_____ 19  ___6/3/02___
   Signature of patient, parent or legal guardian            Date

## THE PATIENT/GUARANTOR IS RESPONSIBLE
## FOR ALL ACCOUNT BALANCES AFTER INSURANCE HAS PAID

01/01

**FIRST STATE ORTHOPAEDICS, P.A.**
**4745 Ogletown-Stanton Rd. STE 225 Newark, DE 19713   731-2888**

PATIENT'S NAME _Ashley Adams_    ACCT# _17001_ DOB _8-2-52_

_6/3/02_

Ashley Adams
6/3/02

Ashley Adams is a 49-year-old female referred to our office by Dr. King.  She presents with an auto accident of 4/23/02 where she was a seatbelted driver who was rearended by another vehicle.  She denies any loss of consciousness but did have a closed head concussion.  She was taken to the Christiana Emergency Room via ambulance and was told that she had a spinous process fracture.  She underwent x-rays on 4/27/02 of her cervical spine.   On 4/23/02 she underwent a CT scan and an MRI of her cervical spine.  She rates her symptoms as a 10 on a scale of 1 to 10 which is decreased with rest and heat and increased by nothing.  She is currently having neck pain with paresthesias in her left upper extremity into all of her fingers, the worst being her third digit.  She has pain that radiates to her occiput.

Past medical history is non-contributory.  Past surgical history is an appendectomy.  Medications include Percocet eight tablets per day.  She has no known drug allergies.  She smokes a half a pack of cigarettes per day, and she works in accounting and has not worked since her injury.

Ashley is here today with a CT scan suggestive of a lamina fracture.  MRI shows no edematous changes and is not consistent with an acute fracture.  An x-ray report is negative.  I have recommended a bone scan to confirm a fracture and then appropriate treatment for it.  She is unhappy with that recommendation and does not seem to believe that it is possible that she does not have a fractured spine.

Her area of laminar disruption is in the area of a significant arthritic facet.  Some of the edges themselves are somewhat corticated, and I wouldn't be surprised if this was all old and her symptoms were soft tissue in nature.  She has gathered her x-rays and will not be following up with us in the future at her request.
Bruce J. Rudin, M.D./ltp
Letter to Bernard King, D.O.

A   20

COOPER & SCHALL, P.C.
BY: CHARLES S. COOPER, ESQUIRE
ATTY. I.D. NO. 46568
1760 MARKET STREET, SUITE 1100
PHILADELPHIA, PA 19103
PHONE: 215-561-3313

**ATTORNEY FOR**
**PLAINTIFF (S)**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS          :
716 North Barrett Lane     :
Christiana, DE 19702     :     **DISTRICT COURT**
        PLAINTIFF        :
                         :     NO.     0 4 - 2 5 1
    VS.                  :
                         :
JO ELLEN CHAPEN SHELDON   :
708 Pebble Beach Drive    :
Elkton, MD 21921         :
        And              :
David L. Sheldon         :
708 Pebble Beach Drive    :
Elkton, MD 21921         :
        DEFENDANTS       :

<u>CIVIL ACTION COMPLAINT</u>

    1.    The Plaintiff, Ashley Adams (hereinafter referred to as "Plaintiff"),

is an adult individual residing at the above-captioned address.

    2.    The Defendant, Joe Ellen Chapin Sheldon, (hereinafter referred to

as "Defendant"), is an adult individual residing at the above-captioned address.

    3.    The Defendant, David L. Sheldon, (hereinafter referred to as

"Defendant"), is an adult individual residing at the above-captioned address.

    4.    Subject matter jurisdiction of this action is conferred upon this

A    21

United States District Court for the District of Delaware under 28 U.S.C. § 1332

by reason of the diversity of citizenship of the parties and an amount in controversy that exceeds, exclusive of interest and costs, the sum of One Hundred Thousand Dollars ($100,000.00).

5.      Personal jurisdiction over Defendants is conferred upon this United States District Court for the District of Delaware by reason of the Delaware Long Arm Statute Del. Code Ann. tit. 10, § 3104 et seq.  since Defendants regularly transact business within the State of Delaware and/or contract to supply their goods within the State of Delaware and/or had their accident with the Plaintiff in the State of Delaware thereby purposefully availing themselves of the privilege of acting within the State of Delaware and thus invoking the benefits and protections of its law; and since the acts of Defendants have a substantial connection with the State of Delaware so as to make the exercise of jurisdiction over Defendants reasonable.

6.      Plaintiff demands a jury on all issues in this case pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

7.      At all material and relevant times relevant herein, the Defendants acted or failed to act either individually and/or by and through their agents, servants, workmen or employees while in the course and scope of such relationship and on the business purposes of the Defendants.

8.      On or about April 23, 2002, Plaintiff, Ashley Adams, owned and operated an automobile which she was driving on Route 896 at the intersection

i)    failure to properly yield to oncoming traffic;

j)    failure to properly stop within an assured clear distance of other  vehicles so as to avoid the collision;

k)    failure to yield the right of way pursuant to the State of Delaware Motor Vehicle Code;

l)    failure to use proper vehicle signals for operating on the roadway;

m)    failure to use all prudent and necessary care for vehicular travel under the circumstances;

n)    ignoring the safety and well-being of the Plaintiff;

o)    failure to obey traffic signals;

p)    violating applicable ordinances and codes of the State of Delaware and such other statutes and case law governing the operation of motor vehicles on the streets and highways;

q)    such other acts of negligence, carelessness and/or recklessness as may be adducted through discovery or at trial; and

r)    Failing to apply brakes in sufficient time or at all in order to avoid a collision

s)    Negligently entrusting a motor vehicle to a person unfit to operate same.

9.    Due to all of the foregoing, Plaintiff, Ashley Adams, suffered severe and permanent orthopedic and neurological injuries representing a substantial impairment of her bodily functions to her head, neck, back, arms, hands, shoulder, legs and body, bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, arms, hands, shoulder, legs and body, including but not

A 23

with 1260 Old Baltimore Pike, City of Newark, State of Delaware when she was stopped at red traffic light and was so situated the Defendant, Jo Ellen Chapin Sheldon, negligently and carelessly struck the Plaintiff's vehicle in the rear.

9.      This accident was caused solely from the negligence, carelessness, and/or   recklessness of the Defendants herein and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

10.     The negligence, carelessness and recklessness of Defendant herein consisted of any or all of the following:

a)    operating her motor vehicle at a rate of speed, excessive and dangerous under the circumstances;

b)    failing to keep said motor vehicle under proper and adequate control;

c)    failing to keep said motor vehicle under such control so as to be able to stop to avoid colliding with Plaintiff as aforesaid;

d)    operating said motor vehicle without due regard for the rights, safety, point and position of the Plaintiff;

e)    failing to yield the right of way;

f)    failing to stop for a stop sign and/or other traffic control device;

g)    failing to keep a proper lookout;

h)    failing to use due care under the circumstances;

i)    otherwise violating the Ordinances of the State of Delaware and the Statutes of the State of Delaware relating to pertaining to the proper operation of motor vehicles upon the public highways;

A    2 4

h)    failure to properly operate said motor vehicle;

limited to fracture of the lamina at C7 and non displaced fracture of the spinous process at C7, left paracentral disc herniation at C6-7 and C6-7 radiculopathy, cervical sprain and strain, lumbar strain and sprain, and exacerbation of all known and unknown pre-existing medical conditions, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries that will be permanent and the full extent of which is not yet known. She was in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to his great pain, suffering, and humiliation.

10.    As a further result of the accident, Plaintiff, Ashley Adams, has and probably will in the future, be obliged to receive and undergo medical attention and care including surgery and will incur various expenditures for the injuries she has suffered some of which remains unpaid including but not limited to the following:

    Delaware Diagnostic        $10,285.66

12.    As a further result of the Defendants' aforesaid conduct, the Plaintiff, Ashley Adams, has been unable to attend to her daily chores, duties and occupations, and he will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

12.    As a further result of the Defendants' aforesaid conduct, the
A   25
Plaintiff, Ashley Adams, has and will hereafter suffer severe loss of her earnings

and/or impairment of his earning capacity.

    13.    As a further result of the Defendants aforesaid conduct, the Plaintiff, Ashley Adams, has suffered severe pain, mental anguish, humiliation and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

COOPER & SCHALL, P.C.

BY: _____

    CHARLES S. COOPER, ESQUIRE
    ATTORNEY FOR PLAINTIFF
    ASHLEY ADAMS

A    26

## **V E R I F I C A T I O N**

I,  CHARLES S. COOPER, ESQUIRE, counsel for Plaintiff, verifies that the statements made in the foregoing document are true and correct to the best of my knowledge.  I understand that false statements herein are made subject to the penalties of relating to unsworn falsification to authorities.

_____

CHARLES S. COOPER, ESQUIRE
ATTORNEY FOR PLAINTIFF

A     27