IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-251-JJF |
| JO ELLEN CHAPEN SHELDON, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion For Protective Order (D.I. 72).[1] For the reasons discussed, the Court will grant in part the Motion.

By her Motion, Defendant contends that a protective order is necessary because the number of interrogatories propounded by Plaintiff, with their subparts, is more than what the local rules allow and the substance of the requests is neither relevant nor likely to lead to admissible evidence. Plaintiff did not file a response to the Motion.

In pertinent part, Rule 26(c) provides that upon "motion by a party or by the person from who discovery is sought...the court... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To prevail,

---

[1] Also pending before the Court is Plaintiff's Motion To Compel Answers To Interrogatories And For Sanctions (D.I. 74) filed on January 29, 2007. By her Motion, Plaintiff contends that Defendant failed to answer her interrogatories and did not file any motion or objections with respect to the unanswered interrogatories. However, because Defendant filed the instant Motion For Protective Order in response to Plaintiff's interrogatories on January 3, 2007, prior to the filing of Plaintiff's Motion, Plaintiff's Motion will be denied as moot.

the movant must demonstrate good cause for a protective order. Id. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). In determining whether there is good cause, courts will balance the interests of the parties and the public. Pansy, 23 F.3d at 787.

The Court finds that, although Plaintiff has propounded forty-five (45) interrogatories, many are impermissibly compound as containing numerous subparts that could be counted as separate interrogatories. Pursuant to D. Del. Local Rule 26.1(b), "no party shall propound more than 50 interrogatories to any other party. Each subpart shall be counted as a separate interrogatory." Generally, multiple subparts may be permissible as a single interrogatory where the individual parts are so related as to constitute one question. For example, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." 8A WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE, RULE 33 (2d ed.). Here, Plaintiff's interrogatories, with their subparts, number greater than fifty. Additionally, the Court finds that several interrogatories are unnecessarily repetitious. Thus, the Court concludes that Defendant has shown good cause sufficient to

warrant a protective order because of the numerosity and repetition of the interrogatories propounded by Plaintiff. Accordingly, the Court will grant the Motion to the extent it relates to Plaintiff's interrogatories. However, in light of the circumstances, including Plaintiff's current status as a pro se litigant, the Court will permit Plaintiff to resubmit her interrogatories in a form consistent with Local Rule 26.1(b).

With respect to Plaintiff's Request For Production Of Documents, the Court concludes that Defendant has not met her burden to establish good cause for a protective order. Accordingly, the Court will deny the Motion to the extent it relates to Plaintiff's Request For Production.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) Defendant's Motion For Protective Order (D.I. 72) is **GRANTED in part** to the extent it relates to the interrogatories propounded by Plaintiff, and **DENIED in part** to the extent it relates to Plaintiff's Request For Production; Plaintiff shall resubmit interrogatories consistent with D. Del. Local Rule 26.1(b) **no later than Wednesday, July 18, 2007;**

2) Plaintiff's Motion To Compel Answers To Interrogatories And For Sanctions (D.I. 74) is **DENIED as moot**.

July 10, 2007

_____
UNITED STATES DISTRICT JUDGE

3