UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS                          :
716 North Barrett Lane                :
Christiana, DE 19702                  :    DISTRICT COURT
      PLAINTIFF                       :
                                      :
      v.                              :    No. 04-251 JJF
                                      :
JO ELLEN CHAPEN SHELDON               :
708 Pebble Beach Drive                :
Elkton, MD 21921                      :
                                      :    TRIAL BY JURY DEMANDED
      DEFENDANT                       :

**RESPONSE OF DEFENDANT TO PLAINTIFF'S MOTION TO
DENY/DISMISS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now, Beth H. Christman and Casarino, Christman & Shalk, P.A., to provide this Honorable Court with the Response of Defendant to Plaintiff's Motion to Deny/Dismiss Defendant's Motion for Summary Judgment, based upon the following:

1. On June 27, 2007, prior to the July 2, 2007 Dispositive Motions deadline, Defendant filed a Motion for Summary Judgment as Plaintiff failed to provide Expert reports by the deadline provided and therefore will not be able to establish a prima facie case as to her damages against the Defendant in this matter.

2. Plaintiff then filed a Motion to Deny or Dismiss the Motion for Summary Judgment on the basis that the Rule 16 Scheduling Order stated that a separate Order regarding procedures for the filing of summary judgment motions would be issued. She claims that as no summary judgment procedures Order

has been issued, there are no procedures to file such a motion and it must therefore be denied.

    3.    Federal Rule of Civil Procedure 56, which provides the authority for Summary Judgment, states, in relevant part:

> (b) FOR DEFENDING PARTY.  A party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for summary judgment in the party's favor as to all or any part thereof.
>
> (c) MOTION AND PROCEEDINGS THEREON. The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As noted in the annotations to the Rule, the purpose of a motion for summary judgment is to eliminate useless trials on undisputed issues.[1]  When a Plaintiff cannot provide evidentiary support for an essential element of a claim, summary judgment for the Defendant is proper.[2]

    4.    This matter has been pending against the Defendant since April 20, 2004 and discovery is complete.  The Plaintiff's expert deadline has passed.  The time is therefore ripe for summary judgment for the reasons set forth in Defendant's Motion for Summary Judgment and supporting Opening Brief, which should be considered on the merits.

---

[1] *Flynn v. Sandahl,* 58 F.3d 283 (7th Cir. 1995)

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

WHEREFORE, as Summary Judgment may be requested and granted at any time during the course of litigation, the Defendant respectfully requests that this Court deny Plaintiff's Motion to Deny/Dismiss Defendant's Motion for Summary Judgment.

                                          Respectfully submitted,

                                        /S/Beth H. Christman  
                                       BETH H. CHRISTMAN, ESQ.  
                                       I.D. No. 2107  
                                       Casarino, Christman & Shalk, P.A.  
                                       800 N. King Street, Suite 200  
                                       P.O. Box 1276  
                                       Wilmington, DE 19899  
                                       (302) 594-4500  
                                       Attorney for Defendant

July 26, 2007