UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY ADAMS<br>716 N Barrett Lane<br>Christiana, DE 19702<br>Mailing address:<br>PO Box 7652<br>Newark, DE 19714<br><br>    PLAINTIFF<br><br>v<br><br>JO ELLEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD 21921<br><br>    DEFENDANT | ORIGINAL<br><br>DISTRICT COURT<br><br>No. 04-251 JJF |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Ashley Adams, hereby moves this Honorable Court to deny Defendant's Motion for Summary Judgment and, in support thereof, states the following:

#### Discovery is not complete

Interrogatories served on Defendant on July 18, 2007 have not been responded to.

Production of Documents are incomplete, most all of which "objected to" by Defendant or answered incompletely. A Motion to Compel Production of Documents will be filed.


FILED
AUG 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## New Scheduling Order

Defendant's own actions has caused unnecessary delays in this case, more specifically, the pre-trial conference scheduled for December 07, 2005, was cancelled by Defense Attorney Beth Christman and agreed by Plaintiff's Attorney, Kevin Healy, as they chose not to wait for the Judge to finish a prior case scheduled, which took additional time past the scheduled 1:00PM pre-trial conference for Adams vs. Sheldon. A new Scheduling Order was not re-issued until December 07, 2006, as a direct result of their failure to wait for the Judge to finish his prior commitment. Since this is the second Scheduling Order, all items have been met, up to the pre-trial conference, which included 'expert reports' by Plaintiff, August 12, 2005, expert reports from the defendant by September 2, 2005, this Scheduling Order[1] was in place while Plaintiff was represented by Attorney Charles Cooper. Defendant never produced 'expert reports by September 2, 2005.

Since the new Scheduling Order[2] was put into effect on December 07, 2006, with the same requirements as the previous Scheduling Order, it was confirmed by Defense Attorney Beth Christman that "she had all the necessary requirements of the Scheduling Order up to the point of the pre-trial conference". Plaintiff relied on that information to be

---

[1] Scheduling Order March 24 2005 – expert witness reports due August 12 2005, defendants due Sept 12 2005.
[2] Scheduling Order December 7, 2006 – expert witness reports due April 30, 2007, defendants May 31, 2007.

factual, instead, just days later of confirming that same information, Defense Attorney, Beth Christman, files this Motion for Summary Judgment. Plaintiff has initiated the requests for the expert reports as shown in [Exhibits A - 1,2,3][3].

Plaintiff points out to the Court that Defendant has all the Exhibits in the Appendix in their own files but chose not to include that information in their Motion for Summary Judgment.

## Legal Findings

For a Motion for Summary Judgment, the Court can grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c). An issue is "genuine" if, given the evidence, a reasonable jury could return a verdict in favor of the non-moving party. See e.g., Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248- 51 (1986)). A fact is "material" if it bears on an essential element of the plaintiff's claim. See e.g., Abraham, 183 F.3d at 28. In order to defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a material fact supplying sufficient evidence, not mere allegations, for a reasonable jury to find for the nonmovant. See Steelman III v. Carper,

---
[3] Expert reports requisition(s) Drs. Eppley, Grossinger, King

124 F.Supp. 2d 219, 22 (D. Del. 2000)(citing Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996)). On summary judgment, the Court cannot weigh the evidence or make credibility determinations. See International Union, United Auto., Aerospace & Ag. Implement Workers of America, U.A.W. v. Skinner Engine Co., 188 F.3d 130, 137 (3d Cir. 1999). Instead, the Court can only determine whether there is a genuine issue for trial. See Abraham, 183 F.3d at 287. In doing so, the Court must look at the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences and resolving all reasonable doubts in favor of that party. See Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999). "Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))."

In order to defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a material fact supplying sufficient evidence, not mere allegations, for a reasonable jury to find for the nonmovant. See Steelman III v. Carper, 124 F.Supp. 2d 219, 22 (D. Del. 2000)(citing Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996)).

When reviewing complaints under Fed. R. Civ. P. 12(b)(6) the Court

must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

(1)

This suit was filed by Ashley Adams on April 20, 2004 and arises out of an automobile accident that occurred on April 23, 2002.

(2)

A Trial Scheduling Order was issued on December 07, 2006 that required Plaintiff's expert reports to be produced on or before April 30, 2007, Defendant's rebuttal by May 31, 2007. Plaintiff has not received Defendant's rebuttal report. Plaintiff is only aware that these reports have not been completed by the Defendant's Motion for Summary Judgment. Plaintiff understood, those 'expert reports' where complete by the prior scheduling order and the prior attorney involved in this case.

This is the second Scheduling Order, the first expiring on December 07, 2006. A pre-trial conference was scheduled for December 07, 2005, where Defense Attorney, Beth Christman and Plaintiff's Attorney, substituting Kevin Healy, attended the 1:00PM Scheduling Conference, and the Honorable Judge Farnan's prior case was delayed. Defense Attorney Beth Christman and Plaintiff's Attorney, Kevin Healy decided that they could not wait for the Judge and left without re-scheduling the pre-trial conference. To that event, caused the Scheduling Order to expire for an entire year. A new Scheduling Order was put into

place on December 07, 2006, that same date as the expiring prior Scheduling Order. The prior scheduling order required expert witnesses reports from plaintiff by August 12, 2005; from the defendant by September 2, 2005. It was confirmed through conversations with Defense Attorney, Beth Christman, that she did in fact have all the requirements of the prior scheduling order, and that includes the 'expert reports', with next on the agenda, the October 04, 2007 Pre-trial Conference.

(3)

Plaintiff has established that the problems for which she is treating were caused by the accident of April 23, 2002, and any other prior aliments where insignificant and or resolved.

Plaintiff identifies in the Appendix, reports from expert witnesses, who clearly identify those injuries on April 23, 2002, that Plaintiff had never complained of the same aliments previously. Plaintiff shows reports from the February 19, 2002 accident, her complaints included the 'right side of the neck', where the complaints of injuries in the April 23, 2002 accident, where 'left side'. Cervical tests reveal **"(L) Cervical fracture at C6-C7"**. Those aliments related to the February 19, 2002, where vastly improved, 80% in Dr. Kings report, with 200% improvement, by Dr. Marks report.

Plaintiff supplies in [Exhibits A 7-18], those reports of Dr Grossinger, Dr Epply, Dr King, those reports state clearly and factual

that in fact that Plaintiff Ashley Adams did suffer a fractured neck at C6-C7 as a direct result of the injuries sustained in the April 23, 2002 vehicular accident caused negligently by Jo Ellen Sheldon.

(4)

Plaintiff has established a prima facie case, by evidence that is sufficient to raise a presumption of or to establish the fact in question, as identified in the Exhibits. Plaintiff's facts adequately prove the underlying conduct supporting the cause of this action and should thereby prevail.

(5)

The grounds for this motion are found in Plaintiff's Brief In Support of Plaintiff's Response to Defendant's Motion for Summary Judgment.

Respectfully submitted,

*Ashley Adams*
Ashley Adams,
Plaintiff, *Pro se*
PO Box 7652
Newark, DE 19714

Dated: August 20, 2007