## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS                          :
716 N Barrett Lane                    :           ORIGINAL
Christiana, DE  19702                 :
   Mailing address:              :
   PO Box 7652                   :
   Newark, DE  19714             :
                   :           DISTRICT COURT
   PLAINTIFF                     :
                   :
   v                             :           No. 04-251 JJF
                   :
JO ELLEN SHELDON                      :
708 Pebble Beach Drive                :
Elkton, MD  21921                     :
                   :
   DEFENDANT                     :           JURY TRIAL

### MOTION

### PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPSONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

> Ashley Adams,
> Plaintiff, *Pro se*
> PO Box 7652
> Newark, DE 19714

Dated:  August 20, 2007



FILED

AUG 2 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## TABLE OF CONTENTS

TABLE OF CITATIONS .....................

NATURE AND STAGE OF PROCEEDINGS .............

SUMMARY OF THE ARGUMENT .........................

STATEMENT OF FACTS ..............................

ARGUMENT ................................

**AS EXPERT TESTIMONY MUST BE PROVIDED REGARDING
CAUSATION OF INJURIES, AND THOSE EXPERT TESTIMONIES
ARE SET FORTH HERE, SUMMARY JUDGMENT MUST BE
DENIED, AS PLAINTIFF DID DESIGNATE AND PROVIDE
EXPERT OPINIONS RELATING HER CLAIMS OF INJURY TO
THE ACCIDENT.**

CONCLUSION ................

ORDER ...................

REQUEST FOR A HEARING ....................

CERTIFICATE OF SERVICE ......................

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS | : | |
| 716 N Barrett Lane | : | |
| Christiana, DE 19702 | : | |
| Mailing address: | : | |
| PO Box 7652 | : | |
| Newark, DE 19714 | : | |
| | : | DISTRICT COURT |
| PLAINTIFF | : | |
| | : | |
| vs | : | No. 04-251 JJF |
| | : | |
| JO ELLEN CHAPEN SHELDON | : | |
| 708 Pebble Beach Drive | : | |
| Elkton, MD 21921 | : | |
| | : | JURY TRIAL |
| DEFENDANT | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF IN SUPPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

By: *Ashley Adams*
Ashley Adams, Plaintiff, *pro se*
PO Box 7652
Newark, DE 19714

**FILING DATE**: August 20, 2007

## **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff, Ashley Adams, filed suit on April 20, 2004 as a result of an April 23, 2002 motor vehicle accident. Rule 26(a) Initial Disclosures were provided by Plaintiff on June 20, 2005 in which she designated as experts, Drs. King, Eppley, Briggs, Grossinger, Brooks, Marks and Donald E. Jennings, Ed.D. Records of medical treatments were provide with that document.

Depositions of the Plaintiff and Defendant were taken on July 06, 2005 at which time Ashley Adams was represented by Charles Cooper, Esquire, Defendant's deposition was done by video-conference.

A Trial Scheduling Order was issued on December 07, 2006, stating that reports from experts required by Fed. R. Civ. P 26 (2) were due from the party with the burden of proof by April 30, 2007. Plaintiff notified in writing the request for 'expert reports' [Exhibit A -1,2,3], Dr. Eppley, Dr. King and Dr. Grossinger, when Plaintiff was made aware that this requirement was not made, or had been made prior, and requests copies of those 'expert reports'. Dispositive Motions are due by July 2, 2007. The Initial Scheduling Order required Plaintiff's expert reports by August 12, 2005 and Defendant's by Sept 2, 2005. Since Plaintiff was represented at that time by an Attorney, those reports were understood to be completed and Plaintiff was not otherwise informed. Defendant did not submit expert reports.

Suit was filed on behalf of the Plaintiff by Joesph Jachetti, Esquire

and Charles Cooper, Esquire. They withdrew their representation of
Plaintiff who was then represented by Kevin Healy, Esquire. He
subsequently withdrew his appearance on behalf of the Plaintiff. Plaintiff
is currently representing herself in this matter.

## **SUMMARY OF THE ARGUMENT**

Plaintiff will provide the needed expert testimony at trial to support her claims of injury. [Exhibits A 7-18] reports from treating physicians have identified in their reports that Ashley Adams did suffer a fractured neck at C6 C7, did suffer radiculpathy and other aliments as a direct result of the April 23, 2002 vehicular accident. These reports substantiate the injuries resulting from the April 23, 2002 vehicular accident caused by Jo Ellen Sheldon's negligence. Those medical experts, Dr. Eppley, Dr. King and Dr. Grossinger are expected to testify to those findings that are included in the exhibits in this motion response.

Defense states 'she had similar pre-existing problems....' Is irrelevant as Ashley Adams has never had a fractured neck C6 C7 prior to April 23, 2002, or radiculpathy, herniation of discs, and the associated disorders. Those aliments are a direct and proximate cause directly relating to the motor vehicular accident on April 23, 2002, those supporting documents are included in the enclosed exhibits.

Plaintiff relied on information from Defense Attorney, Beth Christman, that she did in fact, have all the necessary documents required on the previous scheduling order, which the new scheduling order is identical for requirements. The lack of those 'expert reports' are the reason for the Defendant's Motion for Summary Judgment.

Dr. King, identifies both the February 2002 and April 2002

Accidents, [Exhibit A - 16 ] '80% overall improvement, complaints of

unrelated aliments from the February 2002 accident, having no

relevance whatsoever on the motor vehicular accident that fractured

Ashley Adams' neck.

Plaintiff, asserts that Summary Judgment should not be granted

and states the following:

Expert reports/witnesses will testify the supporting facts in this

case that will prove that Ashley Adams did in fact sustain injuries

resulting from the April 23, 2002 vehicular accident, a broken neck,

among other aliments. This fact can not be disputed.

Defendant raises the issue that "defendant should not have to

continue to defend this case", when the continued litigation is in part,

her own very actions that resulted in the delay of the pre-trial

conference. Defense Attorney, Beth Christman, caused significant delays

by not attending the pre-trial conference on December 07, 2005, as

required by the scheduling order.

## STATEMENT OF FACTS

Plaintiff, Ashley Adams, filed suit on April 20, 2004 as a result of an April 23, 2002 motor vehicle accident, claiming neck and back injuries.

This accident was designated as non-reportable by the police officer, with no charges assessed against either driver.

Plaintiff, in her deposition on July 6, 2005, stated that her vehicle was impacted in the rear by a vehicle driven by Ms. Sheldon.

Defendant denies the allegation that the damage to Ms. Adams' Honda Civic was two round indentations from the bolts of Ms Sheldon's license plate holder and objects to the Exhibits of photos of the vehicle in Defendant's Exhibits.

Plaintiff testified that she had no problems in the five years before the April 2002 accident and was very active.

As a result of the accident with Ms. Sheldon, Plaintiff is alleging she sustained a fracture of the neck at C6-C7 and herniated discs among other aliments.

Plaintiff was in a previous accident in February of 2002 which she has testified as insignificant, although she said she had some muscle aches and pain after it.

**[Exhibit A- 6]**, an x-ray report dated February 20, 2002, conclusion

"NORMAL STUDY".[4]

**[Exhibit A- 7]**, Initial report from Dr. Marks dated February 20, 2002, for date of accident February 19, 2002.[5] Plaintiff's complaints: severe headache, left foot pain, right rib pain, and right neck pain, tightness and stiffness, tenderness of C2, C5, T1 and T3.

**[Exhibit A-8], Swarthmore Neurology, Dr. Grossinger,** initial neurologic consultation, neck pain with muscle spasm on the right side, no spread of pain into the arms, injuries by motor vehicle accident dated February 19, 2002.[6]

**[Exhibit A-9]**, Re-examination Report dated March 26, 2002, main complaint of headaches, tenderness in C2, C5, T1 and T3 with an increase of 200 percent improvement compared to normal, decreasing need for treatment.[7]

Defendant states that Medical records obtained from previous health care providers show that Plaintiff treated for chronic neck pain, severe back pain and other complaints. Plaintiff denies complaints of 'chronic neck pain' when the physician's notes specify in defendants Exhibit A-5 "having some neck pain stiffness, she was in her usually state until one week prior, ....severe back pain prompting her to seek medical consultation". Dr. Melnick, neurology – findings "no neurology findings

---

[4] X-ray Cervical Spine with Flexion and Extension on February 20, 2002 – There is no evidence of underlying fractures. Conclusion: NORMAL STUDY

[5] INITIAL REPORT – Dr. Marks examination February 20, 2002.

[6] SWARTHMORE NEUROLOGY – Dr. Grossinger, consultation dated March 05, 2002 re: February 19, 2002 motor vehicle accident.

[7] RE-EXAMINATION REPORT examination March 26, 2002.

causation to neck pain". Those 2001 x-rays, MRI and CT Scans – all negative findings.

Dr. Marks stated he was treating her for neck and head as well as other complaints as noted in his reports of February 20, 2002, and March 26, 2002. Those reports are included in exhibits, and the March 26, 2002, reports a 200% improvement in plaintiff from the February 19, 2002, motor vehicle accident.

Defendant states that since this accident, Plaintiff was treated by Dr. Bruce Rudin, who provided a note stating that there was significant arthritic components to the alleged cervical fracture and said he would not be surprised if this was all old.

Plaintiff replies that Dr. Rudin's note stated 'did have a closed head concussion', [Exhibit A-10] 'her area of laminar disruption is in the area of a significant arthritic facet', does not allege or allege cervical fracture, is contradictory to Defendant's understanding of Dr. Rudin's office note.

Dr. Bruce Rudin [Exhibit A-10] 'did suffer a closed head concussion'. If there was enough violence to cause a 'closed head concussion' there is likely the resulting event of a fracture of the spine. He further continues:

"I wouldn't be surprised if this was all old and her symptoms were soft tissue in nature", he is making no conclusions, he is saying he does not know if it is, or if is not, he does not know.

Plaintiff has provided the expert medical reports to support her claim and those reports support Plaintiff's claim of the April 23, 2002 accident.

Defendant has all copies of the medical reports included in Plaintiff's exhibits. Plaintiff will list as Exhibits the following:

Cervical Spine X-ray on April 23, 2002, [Exhibit A-11], results: 'lucency through the facet region left of C 6 - 7' suggests CT Scan correlation to exclude acute fracture.

CT Scan on April 23, 2002, [Exhibit A-12], results CT Scan of lower cervical spine shows fracture of the left lamina at C7 with inward displacement.  Nondisplaced fracture of the anterior aspect of the spinous process on the same level is also present.

MRI on April 25, 2002, [Exhibit A-13], results: CT Scan is better for evaluation of linear and nondisplaced fractures.   At the C6-C7 level, there is a small left paracentral disc herniation causing mild impression of the ventral thecal sac....

[Exhibit A –14], Discharge diagnosis, Dr. Fulda, Trauma Emergency Team, Christiana Hospital, 'L C7 Lamina Fracture'.

[Exhibit A –15], Initial Report dated April 27, 2002, date of accident, April 23, 2002, Dr. Marks 'severe neck pain, numbness and tingling going into her left hand'.

[Exhibit A –16], Dr. Conrad King report dated April 29, 2002, date of accident, April 23, 2002, patient reports a prior motor vehicle accident

in February 2002...she had derived approximately 80% improvement prior to her most recent accident on 4/23/02. 'she reports that her left arm feels achy and feels as though it "goes dead". Impression: L lamina fracture at C7 and nondisplaced fracture of the anterior aspect of the spinous process at C7...Left paracentral disc herniation at C6-7, acute left C6-7 radiculopathy.

[Exhibit A–17] EMG and NERVE CONDUTION STUDIES performed by Dr Grossinger, results: The study was abnormal with evidence of Left C6-7 radiculopathy. Those symptoms following a motor vehicle accident on 4-23-02, diagnosis with a fracture at C6-7, numbness extends to the left arm and hand with a "dead feeling". She was in a prior motor vehicle accident in February 2002, with neck pain but no radiation into the upper extremities.

[Exhibit A–18] Dr. Matthew Eppley, treatment date: May 08, 2002, 'consulted in the hospital in the emergency department for her cervical spine injury and C7 spinous process fracture.

## **ARGUMENT**

## **AS EXPERT TESTIMONY MUST BE PROVIDED REGARDING CAUSATION OF INJURIES, AND THOSE EXPERT TESTIMONIES ARE SET FORTH HERE, SUMMARY JUDGMENT MUST BE DENIED, AS PLAINTIFF DID DESIGNATE AND PROVIDE EXPERT OPINIONS RELATING HER CLAIMS OF INJURY TO THE ACCIDENT.**

DEFENDANT HAS ALL COPIES OF MEDICAL REPORTS PRIOR TO THE MOTION FOR SUMMARY JUDGMENT FILING.

Plaintiff is alleging significant injuries against the Defendant in this case. Although she denies a history of similar problems in the five years before the accident, medical records demonstrate that she was treating for similar problems in the year before the accident. Given this prior treatment, she must provide an expert to explain how, if at all, her condition was changed as a result of the accident on April 23, 2002. Plaintiff denies treating for similar problems. A 'stiff neck' and a 'fractured neck' are similar in region, but not in severity. Plaintiff has never had a fractured neck prior to the April 23, 2002 diagnosis.

Defendant relies on The Third Circuit Court of Appeals has recognized that there are situations where health-related injuries require direct expert testimony as to proximate cause. These situations arise when "subjective evidence of a condition [is] not identifiable with an alleged injury". Id. At 658. This is not applicable in this case, as the medical reports are clear that the Plaintiff's injuries resulted from the April 23, 2002 motor vehicle accident.

This "evidence" is identifiable with Plaintiff's injury, C6 C7 fracture,

a closed head concussion, among other aliments, admission to
Christiana Trauma Center and several medical experts attest to the same
findings of the C6 C7 fracture.

A rear-end collision causing a 'closed head concussion' [Dr. Rudin
Exhibit A- ]is significant to cause a fractured neck.

Defendant relies on Moody v. Maine Central Roadway Company,
the First Circuit Court of Appeals, considering defendant's motion for
summary judgment, evaluated whether expert testimony was required for
a jury to determine whether plaintiff's workplace caused his fatigue,
depression and angina. The First Circuit, in finding that defendant was
entitled to summary judgment, quoted from the torts treatise of Prosser
and Keeton that "where the conclusion [of causation] is not one within
common, expert testimony may provide a sufficient basis for it, but in
knowledge the absence of such testimony it may not be drawn.

More than four (4) medical experts diagnosed Ashley Adams with a
fractured neck, Dr. Fulda, Trauma Expert, Christiana Hospital Trauma
Team, Dr. Eppley, Neurosurgeon, Dr King, Rehabilitation Expert, Dr.
Grossinger, Neurologist. This is not a "conclusion of causation is not one
within common". The medical evidence proves this in the Exhibits. The
conclusion [of causation] is clear and presented with expert
medical reports from Dr. Eppley, Dr. King, and Dr. Grossinger.

Plaintiff's broken neck resulted from the negligence driving of Jo
Ellen Sheldon on April 23, 2002. Plaintiff was 'rear-ended' directly

behind the drivers' side rear of Plaintiff Adams vehicle. That impact,
directly caused Plaintiff's broken neck. Plaintiff complained of immediate
pain to Sheldon, and to call the police, and repeatedly requested Sheldon
to call the police for assistance. Sheldon never called the police even on
the request of injured Plaintiff request. Instead Sheldon, tells Adams
that she is notifying the police, but instead called her job and her
husband. [Exhibit A-17] telephone log of Sheldon shows no record of any
9.1.1. call. The total lack of human decency to another human being,
negligently operating her vehicle, crashing into the rear of plaintiff's car
and causing severe injuries, a broken neck, totally disregarded those
injuries, did not even call the police, [Exhibit A-17], cold, calculating and
callous, without any regard for another human being. She testifies that
the "plaintiff requested more than once to call the police", instead, she
calls her job and her husband, no police call ever made, but she testifies
she did call the police. She decided, as in her testimony that she
qualified to determine whether or not the police should be called and to
whether or not plaintiff had injuries. When it became apparent that
Sheldon was not calling the police, Plaintiff called the police as noted on
the police report at 8:13AM.

Defendant relies on the case of Strok v. F/T Northern Joeger, the
United States District Court for the Western District of Washington, in
deciding whether expert testimony was required for a jury to determine
whether plaintiff's alleged ongoing stomach problems were caused by an

earlier injury to his abdomen, Plaintiff, while working on a ship, was struck in the abdomen by a carton of frozen seafood. The court reasoned that "causation becomes extremely tenuous and difficult to determine through common experience when such symptoms prevail for over a year...." The Court concluded that a jury would need expert evidence to evaluate whether plaintiff's allegedly ongoing lack of appetite and recurring abdominal bulge was causally related to plaintiff's initial injury. Plaintiff fails to see the correlation of this case relating to her case. Plaintiff has documented proof of her fractured neck as a result of the April 23, 2002 motor vehicle accident cause negligently by Jo Ellen Sheldon.

This case involves an accident which occurred in Delaware. The Supreme Court of Delaware has found that there are situations where health-related injuries required direct expert testimony as to proximate cause.

These situations arise when "the issue of proximate cause is present in a context which is not a matter of common knowledge".

This is not a situation when "the issue of proximate cause is present in a context which is not a matter of common knowledge". Jo Ellen Sheldon negligently drove her vehicle into the Plaintiff's vehicle causing Plaintiff severe and permanent injuries, a broken neck, among other aliments.

The facts are clear in this case and with using the facts in this case

with common knowledge, it is clear that the Plaintiff's injuries are a
result of the April 23, 2002 vehicular accident caused negligently by Jo
Ellen Sheldon.

Plaintiff has proved by medical experts that there is a causal
connection between the claimed injuries and the defendant's negligence
with competent evidence. [Exhibits A 4-16].

Plaintiff's expert witnesses to testify at Court have been identified
in Rule 16 Initial Disclosures. Dr. Matthew Epply will testify that he
treated Plaintiff in the Christiana Trauma Center, Christiana Hospital
and was consulted for by Dr. Fulda, Trauma Expert. Dr. Conrad King
will testify to the long rehabilitation process that Plaintiff endured. Dr.
Grossinger will testify to the radiculopathy as a direct result of the April
23, 2002 vehicular accident. Competent evidence provided in the reports
of these experts in their field of study, have clearly documented that the
injuries the Plaintiff sustained in the April 23, 2002 vehicular accident
was a fracture neck at C6 C7, with radiculopathy, among other aliments.

Plaintiff has established its prima facie case as to the issue of
causation and those damages resulting from the negligent driving of Jo
Ellen Sheldon.

Under Federal Rule of Evidence 702, the trial judge is imposed
with a special "gatekeeping" obligation to ensure that expert testimony is
not only relevant by reliable. In Daubert v. Merrell Dow
Pharmaceuticals, Inc., the United States Supreme Court addressed the
admissibility of expert testimony. In deciding In re Paoli R. R., the Third

Circuit Court of Appeals recognized the standards adopted in Daubert and reiterated that an expert must be qualified before an opinion may be proffered. As discussed most recently in United States v. Williams, courts have an "obligation to insure that only reliable and relevant expert testimony be present to jurors...". Although federal courts have some latitude in determining whether the Daubert factors, or some alternative set of "reliability criteria" are best suited to measure the reliability of certain evidence, courts are charged with evaluating the "trustworthiness of the expert's testimony".

Dr. Matthew Eppley, neurosurgeon, Dr. Grossinger, neurologist and Dr. King, rehabilitation specialist are highly qualified medical experts in their field.

However, Defendant relies heavily on an office note of Dr. Rudin, who states the Plaintiff 'suffered a closed head injury'.    The CT Scan diagnosis is conclusive for C6 C7 lamina fracture.

Plaintiff has shown sufficient evidence to establish her burden of proof at trial, therefore a Motion for Summary Judgment is not proper in this case.

Plaintiff has shown sufficient evidence to establish a prima facie case, as supported in her exhibits.

Under Rule 56, "the appropriate judicial inquiry...is whether, 'from the evidence available at the time of the motion's disposition, a jury could reasonable have inferred either directly or circumstantially that plaintiff's

injuries resulted from the accident.

Plaintiff has demonstrated the existence of her injuries as a result of Jo Ellen Sheldon's negligence as outline in the Exhibits in Appendix.

A determination through use of common sense or logic will find in favor of the Plaintiff, the evidence is supported in the list of exhibits.

Plaintiff identified in the Initial Disclosures, the medical experts to testify in this case, more specifically, Dr. Eppley, Dr. King, and Dr. Grossigner.  Plaintiff 'similar problems' did not include a fractured neck which is clearly defined in medical reports as a result of the April 23, 2002 motor vehicle accident.

Medical documentations by Dr. Fulda, Dr. Eppley, Dr. King and Dr. Grossinger prove the existence of C6 C7 fractured neck and radiculpathy, among other aliments, caused by the April 23, 2002 motor vehicle negligently operated by Jo Ellen Sheldon.

The Defendant, Jo Ellen Sheldon, has testified to many discrepancies, while she acknowledges that she was calling the police on the Plaintiff's request, Defendant, Jo Ellen Sheldon, with absolutely no consideration at all for the Plaintiff in severe pain, holding her neck the entire time at the accident scene, does not call the police, instead, calls her job and husband.  Sheldon's telephone records [Exhibits A-19] show no police call.

The Plaintiff has never had a fractured neck before the April 23, 2002 automobile accident, hence, no similar problems.

Plaintiff provides expert medical opinions to support her claims of injury, those included in the Exhibits.

Dr. Rudin's office note concluded that the Plaintiff 'did have a closed head concussion', a significant finding, while the impact would have caused a closed head concussion, likewise, the impact caused a fracture of the C6 C7.

The impact has not been determined as to 'low, medium, high', and speculation of a guess. Damage to a metal vehicle comparing to damage to human bones is non-comparable. The bones in the spine where not designed to endure impact of a metal force, the weight of metal of a vehicle impacting the force against the bones of human being is not a likewise comparison, even so much as the metal not actually touching the human body, but such force is more than significant to break a human's neck. The plaintiff's fractured C6 C7 is logically the result of the April 23, 2002 automobile accident. Dr. Rudin in his note, plaintiff suffered a closed head injury concussion. The impacting force to cause a closed head concussion, would more likely than not, cause a fracture of the neck. Dr. Rudin, in his office note "I wouldn't be surprised if this was all old and her symptoms were soft tissue in nature" he was not saying it is, or not saying it is not, he is saying 'he doesn't know'. Plaintiff was diagnosed by the Christiana Hospital Trauma Team and admitted to the Trauma Unit for her fractured neck.

The expert reports only became relevant on the second Scheduling Order. During the initial scheduling order, plaintiff was represented by counsel, and there was not a summary judgment filed as a result of the 'expert reports'. To the contrary, Beth Christman, states just days prior to her filing the summary judgment, "that she had all the necessary documents on the scheduling order, and was awaiting for the October 04, 2007 pre-trial conference. The delays in this case are a direct result of Beth Christman, who on December 07, 2005, and Kevin Healy substituting attorney, could wait no longer that 15 minutes for the Judge to finish a prior case, hence, did leave without rescheduling a new date, which subsequently expired the scheduling order, and a new scheduling order was put in place. Defendant has not complied with answers to interrogatories, discovery, depositions, and clearly attempting to take advantage of the Plaintiff's pro se position. Plaintiff intends to file a Summary Judgment on Plaintiff's behalf as plaintiff is entitled to her damages covered from the negligence of Jo Ellen Sheldon.

## CONCLUSION

Plaintiff respectfully request that the Defendant's Motion for Summary Judgment be denied and bases those reasons on the evidentiary facts set forth in the Appendix, those listings of medical reports that verify that the Plaintiff did in fact sustain serious life altering injuries, a broken neck among other aliments, as a direct result of Jo

Ellen Sheldon's negligence operation of her motor vehicle.

Plaintiff respectfully request this action should not be dismissed

and relies on:

> "When reviewing complaints under Fed. R. Civ. P. 12(b)(6) the
> Court must "accept as true the factual allegations in the complaint
> and all reasonable inferences that can be drawn therefrom." Nami
> v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)".
> "Pro se complaints are held to "less stringent standards than
> formal pleadings drafted by lawyers and can only be dismissed for
> failure to state a claim if it appears 'beyond doubt that the plaintiff
> can prove no set of facts in support of his claim which would
> entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)
> (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))."

Finding in favor of the Defendant's Motion for Summary Judgment

would be so grossly disproportionate to the nature of this case, so as to

shock the court's conscience and sense of justice.

**WHEREFORE,** as Summary Judgment may be requested and

granted at any time during the course of litigation, the lack of presenting

an 'expert report', due to communication inconsistencies, where the

exhibits enclosed show by preponderance of the evidence, the Plaintiff,

did sustain severe and permanent injuries; those expert reports will

contain the more formal writing, but the basics of the facts, as shown in

these exhibits, as will be shown in the 'expert reports', provide clear and

convincing evidence that Plaintiff sustained severe and permanent

injuries as a result of the April 23, 2002, vehicular accident caused by Jo

Ellen Chapen Sheldon's negligence, wherefore Plaintiff

Ashley Adams asks this Honorable Court to deny Defendant's Motion for

Summary Judgment.

Respectfully submitted,

Ashley Adams
PO Box 7652
Newark, DE  19714
(302) 393 - 3525

DATE:    August 20, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS | : | |
| 716 N Barrett Lane | : | |
| Christiana, DE 19702 | : | |
|    Mailing address: | : | |
|    PO Box 7652 | : | |
|    Newark, DE 19714 | : | |
| | : | DISTRICT COURT |
|    PLAINTIFF | : | |
| | : | |
| v | : | No. 04-251 JJF |
| | : | |
| JO ELLEN SHELDON | : | |
| 708 Pebble Beach Drive | : | |
| Elkton, MD 21921 | : | |
| | : | |
|    DEFENDANT | : | JURY TRIAL |

### ORDER

WHEREFORE, Plaintiff Ashley Adams has moved for the denial of

the Summary Judgment in the above-captioned matter, and the Court

has considered the submissions of the parties on the motion.

IT IS HEREBY ORDERED this _____day of _____2007

that Defendant's Motion for Summary Judgment is DENIED.

_____
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASHLEY ADAMS | : | |
| 716 N Barrett Lane | : | |
| Christiana, DE 19702 | : | |
|    Mailing address: | : | |
|    PO Box 7652 | : | |
|    Newark, DE 19714 | : | |
| | : | DISTRICT COURT |
|    PLAINTIFF | : | |
| | : | |
|    v | : | No. 04-251 JJF |
| | : | |
| JO ELLEN SHELDON | : | |
| 708 Pebble Beach Drive | : | |
| Elkton, MD 21921 | : | |
| | : | |
|    DEFENDANT | : | JURY TRIAL |

## REQUEST FOR A HEARING

Plaintiff Ashley Adams hereby requests a hearing on Defendant's

Motion for Summary Judgment.


Respectfully submitted,

Ashley Adams
PO Box 7652
Newark, DE 19714


Date:   August 20, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS | : | |
| 716 N Barrett Lane | : | |
| Christiana, DE 19702 | : | |
|    Mailing address: | : | |
|    PO Box 7652 | : | |
|    Newark, DE 19714 | : | |
| | : | DISTRICT COURT |
|    PLAINTIFF | : | |
| | : | |
|    v | : | No. 04-251 JJF |
| | : | |
| JO ELLEN SHELDON | : | |
| 708 Pebble Beach Drive | : | |
| Elkton, MD 21921 | : | |
| | : | |
|    DEFENDANT | : | JURY TRIAL |

## CERTIFICATE OF SERVICE

I hereby give notice that I caused two (2) true and correct copies of

the foregoing to be served upon the following on the date set forth below,

via first class mail, postage prepaid/hand-delivered:

## PLAINTIFF'S RESONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Beth H Christman
CASARINO, CHRISTMAN, & SHALK, P.A.
800 N King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
   Attorney for Defendant

By Ashley Adams

   Ashley Adams

Dated: August 20, 2007