## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY ADAMS<br>716 N Barrett Lane<br>Christiana, DE 19702<br>    Mailing address:<br>    PO Box 7652<br>    Newark, DE 19714<br><br>        PLAINTIFF<br><br>vs<br><br>JO ELLEN CHAPEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD 21921<br><br>        DEFENDANT | :<br>:<br>:<br>:<br>:<br>:<br>: DISTRICT COURT<br>:<br>:<br>: No. 04-251 JJF<br>:<br>:<br>:<br>:<br>:<br>:<br>: MOTION FOR<br>: PROTECTION ORDER |

## MOTION FOR PROTECTIVE ORDER

2007 AUG 24  AM 10:31

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**COMES NOW**, Plaintiff, Ashley Adams, hereby moves this Honorable Court pursuant to Federal Rule 26 (c) (1) and (4) 'that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; for entry of an order protecting Plaintiff from Defendants unlawful medical record requisitions, unrelated medical history subpoenaed by Defendant, and violation of HIPPA rules. In support of this motion, the Plaintiff states the following:

Rule 26 (c) provides that upon "motion by a party or by the party from who discovery is sought......the court...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c).

To prevail the movant must demonstrate good cause for a protective order. Id. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure". Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus. Inc. V. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). In determining whether there is good cause, courts will balance the interests of the parties and the public. Pansy, 23 F.3d at 787.

(1)

This suit arises out of an automobile accident that occurred April 23, 2002, whereby Jo Ellen Chapen Sheldon negligence operation of a motor vehicle causing severe bodily injury to Ashley Adams.

(2)

Attorneys for Plaintiff and Attorney for Defendant exchanged Rule 26 (a) Initial Disclosures on June 10, 2005.

(3)

Defendant claims that all medical records obtained since the filing of suit through present have been sent to Plaintiff's attorney or to Plaintiff.

(4)

On December 05, 2005, Kevin Healy substituted his appearance for that of the initial attorneys on behalf of the Plaintiff and was required to attend the December 07, 2005 pre-trial conference. Both Kevin Healy and Beth Christman, attorney for defendant, did not attend the pre-trial conference, nor did either re-schedule another date. As a result of this, the Initial Scheduling Order expired and a new Scheduling Order was not issued until December 07, 2006.

(5)

On February 2, 2006, the Motion of Kevin Healy to withdraw as Counsel for Plaintiff was granted. Plaintiff has been proceeding *Pro Se* since that time.

(6)

Defense Attorney subpoenaed medical records, doing so, knowingly these records would result in Plaintiff's medical history unrelated to time and events of the April 23, 2002 motor vehicle accident, those medical records are privileged and protected records.

(7)

Defense Attorney, Beth Christman, knowingly and unauthorized to do so, subpoenas medical records unrelated to this accident, knowingly that those records would not disclose any related connection to the April 23, 2002 motor vehicle accident. Those medical records included Plaintiff's gynecologist records, dentist records, among others, results of more than thirty (30) subpoenas for medical documents, from different medical providers, some of those medical providers unknown to the Plaintiff.

(8)

Federal rule of Civil Procedure 26 (c) provides for a protective order for good cause shown, because (1) a disclosure on discovery may not be had, as well as (4) that certain matters may not be inquired into. Plaintiff requests a Protective Order because of Defenses' subpoenaed

medical records that have no relevance or could provide any discoverable materials relating the April 23, 2002 motor vehicle accident, for the purpose to harass and annoy, embarrass the Plaintiff.

Rule 26 (c) provides that upon "motion by party on or by the person from who discovery is sought......the court..... may make any an order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden....."Fed. R. civ. P. 26 (c). Plaintiff claims good cause for a protective order. Such disclosures cause serious injury to Plaintiff and violate her privacy.

(9)

Defense Attorney, Beth Christman subpoenas medical records are neither relevant nor reasonable calculated to lead to discoverable evidence.

(10)

Plaintiff requests a protective order as a result of Defense Attorney, Beth Christman's subpoenas for "all medical records" unrelated medical records.

(11)

Plaintiff has submitted all relevant medical records to the April 23, 2002 motor vehicle accident.

(12)

The medical records includes laboratory results protected by HIPPA, may or may not disclose medical aliments [privileged and

protected information] having no merits to this claim. Defense knowingly subpoenaed these medical records to harass, annoy and embarrass Plaintiff, knowing that no discoverable evidence would result. To avoid receiving medical information not specific to the case, defense attorney is required to set limitations on the subpoenas to not include unrelated medical information, those subpoenas limited to the discovery of information relating to the medical complaints plaintiff complains of as a result of the April 23, 2002 motor vehicle accident and/or past medical history *directly* related to those injuries sustained in the motor vehicle accident on April 23, 2002. Defense attorney is under an obligation to limit the discovery only to the pertinent medical records relevant to this case.

(13)

Discovery was never intended to invade a person's privacy insomuch irrelevant medical reports completely unrelated to the any fact finding to the April 23, 2002.

(14)

It is impossible to go through each medical document to identify all information defendant requested and obtained which defendant is not entitled.

(15)

Such medical records unauthorized are privileged; such medical records are unauthorized "unless the Plaintiff makes that medical condition an element of the claim". Defense Attorney obtained medical records not related to the claim.

(16)

Pursuit 26 (b) 1 parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim......reasonably calculated to lead to the discovery of the admissible evidence.

(17)

Federal rule of Evidence 503 permits a party to claim as privileged all medical records and communications unless the party makes that medical condition an element of the claim or defense, which the Plaintiff has not done here. Plaintiff claims injuries as a result of April 23, 2002 vehicular accident. Those injuries, C6 C7 fractures herniation, radiculpathy, etc. Those injuries supported by medical expert reports.

(18)

Defendant has not identified a medical expert witness, likewise, has subpoenaed more than (30)thirty medical providers.

(19)

Defendant subpoenas the records then asks the Plaintiff's attorney for a signed release.

(20)

Defendant subpoenas Morton Richard Kimmel, Esquire, presumably protected under lawyer/client privilege.

(21)

Subpoenas are not related to this case and defendant is violating Plaintiff's privacy. Defendant has all information pertaining to this case, that is relevant. Even with the enormous discovery within the subpoenas, Defendant has not been able to identify any relevant information pertaining to this case, and did so continue to subpoena for unnecessary reasons, causing invasion of Plaintiffs privacy.

(22)

Plaintiff has conferred with Defendant to try to resolve these issues without success, and Defense Attorney suggested that Plaintiff "drop the case, if she did not like the exposure."

**WHEREFORE**, Plaintiff, Ashley Adams, asks this Honorable Court to grant her Motion for a Protective Order and Order for Plaintiff to conform with the Rules of the Court. Order the Defendant to destroy any and all medical documents in her possession obtained bearing no relevance to the case at instant. Apply sanctions against Defendant for knowingly violating the privacy act in disclosure, where Defendant purposely requested information knowingly unrelated and would not provide discoverable facts to this case, to provide document of how the

records where destroyed and date and disallowing any further medical subpoenas without the direct consent of this Honorable Judge that shows specific relevance to this case.

*Ashley Adams*

Ashley Adams, *Pro Se*, Plaintiff
PO Box 7652
Newark, DE  19714


Dated:  August 24, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY ADAMS<br>716 N Barrett Lane<br>Christiana, DE  19702<br>Mailing address:<br>PO Box 7652<br>Newark, DE  19714<br><br>    PLAINTIFF<br><br>v<br><br>JO ELLEN CHAPEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD  21921<br><br>    DEFENDANT | :<br>:<br>:<br>:<br>:<br>:<br>:  DISTRICT COURT<br>:<br>:<br>:<br>:  No. 04-251 JJF<br>:<br>:<br>:<br>:<br>:  ORDER<br>: |

### ORDER

**IT IS HEREBY ORDERED** this _____ day of _____2007, for the reasons stated in Plaintiffs' Motion for a Protective Order it is **GRANTED** and the Defendant is ORDERED to turn over to the Plaintiff all medical records for destruction that have violated the Plaintiff's privacy, violations of HIPPA, and other relief this Honorable Court sees appropriate.

_____<br>
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASHLEY ADAMS<br>716 N Barrett Lane<br>Christiana, DE  19702<br>Mailing address:<br>PO Box 7652<br>Newark, DE  19714<br><br>  PLAINTIFF<br><br>v<br><br>JO ELLEN CHAPEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD  21921<br><br>  DEFENDANT | :<br>:<br>:<br>:<br>:<br>:<br>: DISTRICT COURT<br>:<br>:<br>: No. 04-251 JJF<br>:<br>:<br>:<br>:<br>:<br>: HEARING REQUEST<br>: |

## REQUEST FOR A HEARING

Plaintiff, Ashley Adams hereby requests a Hearing on its

**MOTION FOR PROTECTION ORDER**

By: *Ashley Adams*

Ashley Adams
PO Box 7652
Newark, DE  19714
  Plaintiff, pro se

FILING DATE:  August 24, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY ADAMS<br>716 N Barrett Lane<br>Christiana, DE  19702<br>Mailing address:<br>PO Box 7652<br>Newark, DE  19714<br><br>          PLAINTIFF<br><br>          v<br><br>JO ELLEN CHAPEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD  21921<br><br>          DEFENDANT | DISTRICT COURT<br><br>No. 04-251 JJF<br><br>SERVICE NOTICE |

## NOTICE OF SERVICE

I hereby give notice that I caused two (2) true and correct copies of the foregoing to be served upon the following on the date set forth below, via first class mail, postage prepaid, and/or hand-delivered:

### MOTION FOR PROTECTION ORDER

Beth H Christman
CASARINO, CHRISTMAN, & SHALK, P.A.
800 N King Street, Suite 200
P.O. Box 1276
Wilmington, DE  19899
Attorney for Defendant

By: *Ashley Adams*

Ashley Adams
PO Box 7652
Newark, DE  19714

Dated: August 24, 2007