UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS<br>716 North Barrett Lane<br>Christiana, DE 19702<br>    PLAINTIFF | :<br>:<br>:<br>:<br>: | DISTRICT COURT |
| v. | :<br>: | No. 04-251 JJF |
| JO ELLEN CHAPEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD 21921<br>    DEFENDANT | :<br>:<br>:<br>: | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER**

COMES NOW, Beth H. Christman, and Casarino, Christman & Shalk, P.A., to provide this Honorable Court with a response of defendant to plaintiff's motion for a protective order as to subpoenas and requests for medical records in this matter, based upon the following:

1.  This action arises out of an automobile accident which occurred on April 23, 2002. Defendant disputes the claims of Ashley Adams that the accident caused a cervical fracture and other bodily injuries to Ms. Adams.

2.  Plaintiff says that her former attorney, Kevin Healy, and Beth Christman failed to attend the December 7, 2005 pre-trial conference in this incident and did not reschedule it for another date. As has been previously stated, both attorneys attended the conference, remained in the courtroom for about one

-1-

hour while motions in another case proceeded and then spoke with the Court's staff because Mr. Healy had another matter on his calendar on that date and was not able to remain beyond that time. They were told that a new pre-trial conference would be scheduled. Kevin Healy then withdrew as counsel for the plaintiff as of February 2, 2006 after which the plaintiff proceeded *pro se*.

    3. During the course of this litigation, Plaintiff has not provided Defendant with any information about prior treating physicians. On July 6, 2005, the plaintiff was deposed in the presence of her then attorney, Charles Cooper. The defendant had no Rule 26 disclosures as of the time of that deposition.[1] When asked if she had a family doctor before 2002, plaintiff stated, "I don't know how to answer that. I'm sure I did but I don't -", and when asked if she had a family doctor while living in two Maryland towns, she said she did not recall having a specific family doctor or may have seen someone but not for anything significant. When asked what she would do if she needed any medical assistance, she stated, "I guess it was on rare occasion that I would see a physician but I don't really recall." Id. at p. 20.

    4. When asked whether she had a family doctor when she lived in Elkton, she said she did not remember who it would be

---

[1] Deposition transcript of Ashley Adams dated July 6, 2005 at page 17. Exhibit A

and said she may have seen a doctor in Elkton for something but did not recall it to be anything significant. Id. at p. 20 - 21. When asked whether she could remember any doctor she saw at any time before 2002, she said she could not remember any at that time. Id.

5. As to whether she took Percocet or any type of narcotic medication before 2002, she said she did not remember or did not know. Id. The plaintiff was asked whether she had any health problems before 2002 that interfered with her ability to engage in normal activities in the five years before that accident and she replied that she was very active and had no problems. Id. at 39. When she was asked whether she ever had any slip and fall accidents or whether she was represented by Mort Kimmel or anyone from Kimmel, Carter, Roman & Peltz, she stated she did not know who they were. Id. at 29 and 30.

6. Plaintiff was asked about an accident in which she was involved in February of 2002 and whether a police report was made. She replied that no report was made because it was insignificant. Id. at 33. Plaintiff was also asked if she went by any name other than Ashley Taylor Adams and she stated that she had been known as Ashley Taylor Johnson, which was her birth name. Id. at 4. She said she did not use any first name other than Ashley. Id. at 11. However, when she was asked if she knew anyone by the name of Doris Adams, she stated that was part of

her birth name, Doris Ashley Taylor Johnson, but she did not go by the name of Doris. Id. at 40-41. She later admitted to using the name Doris Adams. Id. at 42.

7. As plaintiff did not provide information regarding any physicians who had treated her before 2002, was not forthcoming in providing the names she has used over the years, and as Rule 26 disclosures were not provided to defendant by plaintiff's counsel until July 21, 2005, defendant had to attempt to obtain records based on the medical records in the file. In addition, plaintiff failed to provide a medical authorization to Defendant, causing the need for use of more costly subpoenas.

8. Between June 6, 2005 and January 20, 2006, during which plaintiff was represented by counsel, the attorney for defendant requested records from family physicians as well as physicians practicing in the fields of orthopaedic, neurologic, physiatric, chiropractic and pain management medicine, along with hospital records.[2] As there was evidence of a prior slip and fall case with similar claims, the medical records in the file of Morton Kimmel, Esq., who had previously represented plaintiff for that

---

[2] Records were subpoenaed from Christiana Care, Eric C. Marks, D.C., Bruce Rudin, M.D., Bruce Grossinger, M.D., Matthew Eppley, M.D., Conrad King, M.D. and Bikash Bose, M.D., Dr. Balu, Dr. Moon, Dr. Patterson and Dr. Sachdev, Union Hospital in Maryland, City Pharmacy of Elkton, Dr. Balu, Dr. Sim, Dr. Balthazar, Dr. Falco, Dr. Galinat, Dr. Devotto, Dr. Reisman, Dr. Lepis and Dr. Hsu during that time frame. Copies of the subpoenas are attached at Exhibit B.

case were subpoenaed. In addition, subpoenas were issued to the pharmacies from which Plaintiff was believed to have obtained narcotic medications before and after the accident.

9. Defendant subpoenaed a copy of the Delaware State Police report for the accident of February 12, 2002, as well as the Industrial Accident Board and Farm Family Casualty as to prior claims to similar portions of the body. All records obtained in response to the subpoenas were provided to Plaintiff's counsel as well as the Plaintiff when she became unrepresented. None of the records subpoenaed were for those of a gynecologist or a dentist.

10. The records received by Defendant provided a history of similar neck complaints as well as significant treatment for pain complaints as well as narcotic use in the years leading up to the 2002 accidents. They are relevant and necessary to defend against the significant claims Plaintiff has made against the Defendant.

11. Federal Rule of Civil Procedure 26(a) requires the parties to make initial disclosures which include the name, address and telephone of each individual likely to have discoverable information. That was not provided by plaintiff as she did not provide the names of any physicians with whom she has treated for cervical symptoms in the few years before the 2002 accident. Rule 26(b)(1) permits discovery of any matter relevant

to the claim or defense of any party which includes the identity and location of persons having knowledge of discoverable matter.

12. Federal Rule of Civil Procedure 45 permits subpoenas to obtain information from individuals who are not parties for documents. Federal Rule of Civil Procedure 45(c)(3)(a) allows that a subpoena be quashed if it requires disclosure of privileged or protected matter and no exception or waiver applies. Subpoenas for medical records from physicians who typically treat patients with cervical symptoms are appropriate to obtain information relevant to the claim and defense in this case. No motion to quash was filed by Plaintiff's counsel as the subpoenas were issued.

13. Plaintiff has placed her medical condition at issue by bringing this action against defendant and claiming various injuries as a result of the accident. Federal Rule of Evidence 501 states that privileges will be governed by the principles of common law, although when a claim or defense is governed by state law, that law will determine any privilege that may be available to protect disclosure of information.

14. This case arises out of a motor vehicle accident which occurred in the State of Delaware. Delaware Uniform Rule of Evidence 503(d)(3) provides an exception for the physician/patient privilege for any communication relevant to an issue of physical condition of a patient in a proceeding in which

the patient relies upon that condition as an element of the claim. Plaintiff has placed her medical condition at issue and cannot prevent defendant from obtaining relevant records regarding her past medical condition.

15. The requests for these records were not intended to harass or embarrass the plaintiff but rather to obtain a complete medical history on the plaintiff in defense of the claims made against the defendant.

16. Any issues regarding relevance or admissibility of the documents can be addressed by the Court at trial before being submitted to the jury.

17. Finally, Plaintiff claims in her motion that she has conferred with defendant to try to resolve these issues and that defendant attorney suggested that plaintiff, "drop the case if she did not like the exposure." Defendant's counsel did not say that to plaintiff and has continuously advised Plaintiff that the records were properly obtained within the Rules of the Court and are relevant to this case.

WHEREFORE, Defendant, JoEllen Sheldon respectfully requests that this Court deny Plaintiff's Motion for a Protective Order and deny her request that defendant destroy any of the medical records in her possession. In addition, it is requested that sanctions be denied as there is not basis for such an award.

```
                                    /S/Beth H. Christman
                                    BETH H. CHRISTMAN, ESQ.
                                    I.D. No. 2107
                                    Casarino, Christman & Shalk, P.A.
                                    800 N. King Street, Suite 200
                                    P.O. Box 1276
                                    Wilmington, DE 19899
                                    (302) 594-4500
                                    Attorney for Defendant
Date:     September 13, 2007
```