```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE
```

ASHLEY ADAMS                          :
716 North Barrett Lane                :
Christiana, DE 19702                  :    DISTRICT COURT
    PLAINTIFF                         :
                                      :
v.                                    :    No. 04-251 JJF
                                      :
JO ELLEN CHAPEN SHELDON               :
708 Pebble Beach Drive                :
Elkton, MD 21921                      :
    DEFENDANT                         :

### DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR DEFENDANT'S GYNECOLOGICAL RECORDS

COMES NOW, Beth H. Christman, and Casarino, Christman & Shalk, P.A., to provide this Honorable Court with a response of defendant to plaintiff's motion for a protective order as to subpoenas and requests for medical records in this matter, based upon the following:

1. This action arises out of a rear-end automobile accident which occurred on April 23, 2002. Defendant disputes the claims of Ashley Adams that the accident caused a cervical fracture and other bodily injuries to Ms. Adams.

2. Plaintiff issued the attached subpoena to The Woman's Place for the records of Molly McBride, M.D., who was Defendant's gynecologist at the time of this accident.[1] Defendant's medical condition has not been asserted as a defense in this case.

3. Federal Rule of Civil Procedure 26(b)(1) permits

---

[1] Plaintiff's subpoena is attached as Exhibit A.


discovery of any matter relevant to the claim or defense of any party. However, the information sought must be relevant to the proceeding and a party may challenge the subpoena if it requires disclosure of privileged or protected information. *Gardias v. San Jose State University*, N. D. Cal. 2007 WL 2428031 (August 22, 2007)[2] ( Exhibit B) When a party does not make allegations which make a medical condition a basis for any claim or defense, the medical records are not relevant, and may not be obtained. *Id. at 2.*

    4.   Federal Rule of Civil Procedure 45 permits subpoenas to obtain information from individuals who are not parties for documents. Federal Rule of Civil Procedure 45(c)(3)(a) allows that a subpoena be quashed if it requires disclosure of privileged or protected matter and no exception or waiver applies.

    5.   Federal Rule of Evidence 501 states that privileges will be governed by the principles of common law, although when a claim or defense is governed by state law, that law will determine any privilege that may be available to protect disclosure of information. This case arises out of a motor vehicle accident which occurred in the State of Delaware.

    6.   Delaware Uniform Rule of Evidence 503(b) provides:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose or treatment of the

---

[2] A copy of the decision is attached as Exhibit B.

> patient's physical ... condition, among the patient, the patient's ... physician... and persons who are participating in the diagnosis or treatment under the direction of the ... physician... including members of the patient's family.

Rule 503(c) provides that the patient may assert this privilege. Rule 503(d) provides for exceptions for the physician/patient privilege, which include proceedings for hospitalization, examinations by order of the court, the fact that the condition is an element of the claim or defense, communications which would aid in the commission of a crime or fraud or those indicating the patient is a danger to herself or others or because of a breach of duty by the provider or in child abuse cases.

    7. Here, none of the exceptions apply. Defendant has neither filed a claim for physical injuries nor has she claimed that her medical condition was a defense regarding the cause of the accident.

    8. The subpoena issued by the Plaintiff can only be intended to harass the Defendant, particularly as she recently filed a Motion for a Protective Order as to her own medical records, asserting that only records that she states are *directly* related to the accident may be obtained. Here, there is no reason to expect that Defendant's gynecological records are in any way relevant to this action.

    9. As Plaintiff stated in paragraph 7 of her August 24, 2007 Motion for a Protective Order that Defendant's Counsel subpoenaed medical records unrelated to the accident, to include

her gynecological records and dental records[3], she is well aware that the subpoena she issued was improper. Thus, it is also appropriate to award Sanctions against the Plaintiff for issuing the subpoena which required the filing of this Motion.

10. Finally, Defendant has conferred with Plaintiff and requested that she withdraw the subpoena. She has stated she will pursue the subpoena as she believes it to be relevant in this matter. Thus the parties have not been able to resolve the issue.

WHEREFORE, Defendant, JoEllen Sheldon respectfully requests that this Court grant her Motion to Quash the subpoena issued to Woman's Place for the records of Molly McBride, M.D. as to JoEllen Sheldon and award Sanctions against the Plaintiff for the issuing of that subpoena.

/S/Beth H. Christman
BETH H. CHRISTMAN, ESQ.
I.D. No. 2107
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant

Date:   September 14, 2007

---

[3] As stated in Defendant's Response to that Motion, Defense Counsel did not subpoena any gynecological or dental records of the Plaintiff.