**EXHIBIT B**

Case 1:04-cv-00251-JJF    Document 105-5    Filed 09/14/2007    Page 1 of 4

Slip Copy, 2007 WL 2428031 (N.D.Cal.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

NOT FOR CITATION
United States District Court, N.D. California,
San Jose Division.
Piotr J. GARDIAS, Plaintiff,
v.
SAN JOSE STATE UNIVERSITY, Defendant.
Nos. C04-04086 HRL, C04-04768 HRL, C05-01242 HRL, C05-01833 HRL, C06-04695 HRL.
Aug. 22, 2007.

Piotr J. Gardias, San Jose, CA, pro se.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENAS**

HOWARD R. LLOYD, United States Magistrate Judge.

**I. BACKGROUND**

*1 This is a consolidated action for alleged employment discrimination filed pursuant to 42 U.S.C. § 2000e-5. Plaintiff claims that his current employer, San Jose State University ("SJSU" or "University"), wrongfully failed to promote him. [FN1] **Defendant** served eight **subpoenas** on various non-parties, seeking plaintiff's prior employment records, as well as his **medical** and academic records. Plaintiff moved to **quash** those subpoenas on the grounds that the requested information is irrelevant or private (or both). Defendant opposed the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the August 21, 2007 motion hearing, the court grants the motion in part and denies the motion in part.

> FN1. California State University asserts that it is the properly named defendant in this action and that it was erroneously sued as "San Jose State University."

**II. LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The party objecting to the discovery bears the burden of showing that it should not be allowed. See Fed.R.Civ.P. 26(c).

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding a non-party to give testimony or produce documents. See Fed.R.Civ.P. 45(a)(1)(C). The subpoena nonetheless is subject to the relevance provisions of Federal Rule of Civil Procedure 26(b)(1). A party that is not the recipient of the subpoena has standing to challenge the subpoena "only where its challenge asserts that the information is privileged or protected to itself." Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 695 (D.Nev.1994). Upon a timely motion, a court shall quash or modify a subpoena if it finds that the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." See Fed.R.Civ.P. 45(c)(3)(A)(iii).

**III. DISCUSSION**

**A. Plaintiff's Employment/Medical Records**

Defendant served a subpoena on Stanford University ("Stanford"), seeking production of all employment records from 1970 to the present pertaining to plaintiff, including:
. any and all pre-employment records;
. background check information;

. personnel records (including employment application/resume, performance evaluations, records of disciplinary actions, disability claims, workers compensation claims, and medical records pertaining to the individual's employment); and
. payroll records (including salary, wages, commissions or other remuneration paid or held by the employer, W-2 forms, time sheets and records of time off the job and reasons therefore, including sick leave and vacation).

These documents apparently pertain to prior work plaintiff performed at a cogeneration plant. Plaintiff objects to the subpoena on the grounds that his prior employment records are irrelevant and that any medical records are irrelevant and private. The court is informed that Stanford responded by stating only that (a) plaintiff was never employed by Stanford; and (b) the cogeneration plant in question is actually owned by General Electric. In view of Stanford's response, this particular subpoena would appear to be moot. Nevertheless, insofar as defendant advises that a similar subpoena has now been served on General Electric, it appears that there is still a live dispute over the relevance of the requested documents.

*2 Defendant contends that these records are relevant because plaintiff has put his claimed prior work experience at issue. It asserts that, in deposition, plaintiff testified that his prior work experience establishes his qualifications for several of the positions for which he (unsuccessfully) applied at SJSU. However, defendant argues that plaintiff's testimony was sketchy (even contradictory) as to his past experience. Plaintiff maintains that his prior employment records are irrelevant because SJSU did not require such records from him (or any other applicant) in its hiring process for the various positions in question.

To the extent that plaintiff apparently relies upon his past work experience at the plant as evidence of his qualification for several of the positions at issue, the court agrees that defendant should be given some leeway to explore his prior employment records. Nevertheless, defendant has not, in the first instance, demonstrated the relevance of pre-employment records, background checks, disciplinary actions, disability claims, workers compensation claims, medical records pertaining to the employment, or payroll records. Accordingly, plaintiff's motion to quash as to this subpoena is GRANTED IN PART AND DENIED IN PART as follows: Defendant will be permitted to seek employment records which are sufficient to show plaintiff's duties, responsibilities and job performance in his work there. However, defendant's subpoena is otherwise quashed as to all other records.

**B. Plaintiff's Medical Records**

Defendant has subpoenaed plaintiff's medical records from a number of different doctors and health care providers. The subpoenas, which all appear to be essentially the same, seek all medical records pertaining to plaintiff, including:
. any and all intake forms, correspondence, handwritten and typed doctors'/ nurses notes, examination and consultation notes, tape recordings, and reports prepared, regarding treatment, diagnosis and prognosis;
. any and all prescribed medications, therapy, patient's initial and interval histories, pathology lab/radiology reports, prescriptions, and file folder notes;
. any and all physical therapy records; and
. any and all records, from any sources, reviewed in connection with treatment and diagnosis of plaintiff.

The parties dispute whether plaintiff has put his health/medical condition at issue such that defendant's need for the requested information outweighs his privacy interests.

The court notes that if plaintiff has put his health or medical condition at issue in his lawsuits, then it would be inclined to permit defendant to conduct discovery of his relevant medical records. Here, the complaint filed in plaintiff's most recent lawsuit, Case No. C06-04695 HRL, alleges that defendant failed to promote plaintiff (and reassigned him to a trade position) based on his "age and disability." (*See* Case No. C06-04695HRL, Complaint at p. 2). Additionally, according to defendant, plaintiff (a) seems to allege various health problems as a result of the discrimination and harassment he allegedly suffered at SJSU; and (b) contends that defendant improperly referred him for a fitness-for-duty medical examination. The court agrees that if plaintiff is not offering the purported allegations as a basis for any legal claim against defendant, then the requested medical records are not relevant to this litigation. In his opposition papers, plaintiff seemed to renounce any intent to pursue any health or disability-related claims asserted in the complaint in Case No. C06-04695, although the explanation he provided was not clear.

*3 Nonetheless, at the motion hearing, plaintiff flatly denied that he is disabled and stated that he has no intention of asserting any claims that defendant discriminated against him on the basis of any

disability. When probed by the court, plaintiff indicated that he does not intend to seek damages for purported injuries to his health allegedly caused by defendant's conduct. When asked by the court for the basis of his claims against defendant, plaintiff confirmed that his lawsuits only allege discrimination on the basis of his age and national origin and that he "never was thinking" that defendant failed to promote him for health-related reasons.

In light of plaintiff's representations in open court, this court concludes that he has not put his health at issue in this litigation. Accordingly, plaintiff's motion to quash the subpoenas for his medical records is GRANTED.

**C. Plaintiff's Academic Records**

Defendant has served a subpoena on the University seeking all academic records pertaining to plaintiff. Although plaintiff listed this subpoena in his motion to quash, he confirmed at the motion hearing that he does not object to the request for his academic records. Accordingly, his motion as to this subpoena is DENIED as MOOT.

IT IS SO ORDERED.

N.D.Cal.,2007.

Gardias v. San Jose State University

Slip Copy, 2007 WL 2428031 (N.D.Cal.)

**Motions, Pleadings and Filings (Back to top)**

- 5:06cv04695 (Docket) (Aug. 2, 2006)
- 5:05cv01833 (Docket) (May 4, 2005)
- 5:05cv01242 (Docket) (Mar. 28, 2005)
- 5:04cv04768 (Docket) (Nov. 10, 2004)
- 5:04cv04086 (Docket) (Sep. 27, 2004)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.