UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS<br>716 North Barrett Lane<br>Christiana, DE 19702 | : <br> : <br> : <br> : | DISTRICT COURT |
| PLAINTIFF, | : <br> : | |
| v. | : <br> : | No. 04-251 JJF |
| JO ELLEN CHAPEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD 21921 | : <br> : <br> : <br> : | |
| DEFENDANT. | : <br> : | TRIAL BY JURY DEMANDED |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF JO ELLEN SHELDON

Defendant, Jo Ellen Chapen Sheldon, by and through her undersigned counsel, hereby moves for a Protective Order to prohibit Plaintiff from taking a second deposition of Defendant and hereby responds to Plaintiff Ashley Adams' Motion to Compel Deposition of Jo Ellen Sheldon. In support thereof, Defendant submits the following:

1. This personal injury action, filed on April 20, 2004, arises out of a motor vehicle accident that occurred on April 23, 2002.

2. Charles S. Cooper, Esq., former counsel for Plaintiff, deposed Defendant via video conference on July 6, 2005. The transcript for this deposition is attached as "Exhibit A".

3. In a letter dated January 26, 2007, Plaintiff asked

Defendant's counsel to provide Plaintiff with four available dates on which Defendant could be re-deposed. This letter is attached as "Exhibit B". Defendant's counsel, in a letter dated February 20, 2007, declined Plaintiff's request to re-depose Defendant on the grounds that Defendant had already been deposed in this case. This letter is attached as "Exhibit C".

    4. In a letter dated February 8, 2007, Plaintiff Adams again asked that she be permitted to re-depose Defendant. This letter is attached as "Exhibit D". Defendant's counsel, in a letter dated February 27, 2007, declined Plaintiff's request to re-depose Defendant on the grounds that Defendant had already been deposed in this case. This letter is attached as "Exhibit E".

    5. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(b), leave of court or a stipulation of the parties is required if the prospective deponent has already been deposed in the case.

    6. According to Federal Rule of Civil Procedure 30(a)(2), leave of court shall be granted to the extent consistent with Federal Rule of Civil Procedure 26(b)(2). Pursuant to Federal Rule of Civil Procedure 26(b)(2), discovery may be limited if the court determines that:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in

>   the action to obtain the information sought;
>   or (iii) the burden or expense of the
>   proposed discovery outweighs its likely
>   benefit, taking into account the needs of
>   the case, the amount in controversy,
>   the parties' resources, the importance of
>   the issues at strike in the litigation, and
>   the importance of the proposed discovery in
>   resolving the issues."

7. Pursuant to Rule 26(c), the Court may issue a Protective Order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in the discovery process.

8. In the case of *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) the court, in deciding whether to grant a protective order to prohibit a second deposition, explained that "repeat depositions are disfavored."

9. In *Swift Bros. v. Swift & Sons, Inc.*, 1992 WL 201002 (W.D. Pa. 1992)(attached as "Exhibit F"), the Court noted that a protective order may be granted when "information sought has already been obtained by prior depositions" (citing Wright & Miller, 8 Federal Practice and Procedure §2037, pp. 272-73).

10. In prior federal case law, wherein courts granted leave for a party to take a second deposition, such courts traditionally limit the scope of the second deposition to address questions or topic areas not previously examined in the first deposition. *Christy v. Pennsylvania Turnpike Com'n*, 160 F.R.D. 41 (E.D. Pa., 1995); *Perry v. Kelly-Springfield Tire Co.*, 117 F.R.D. 425, 426 (N.D. Ind. 1987); *LeBlanc v. Broyhill*, 123 F.R.D.

527, 529 (W.D.N.C., 1998).

11. Plaintiff makes three allegations in support of this motion to compel. First, Plaintiff alleges that the audio and visual equipment used in Defendant's deposition malfunctioned, causing Plaintiff's former attorney to repeat various questions several times. Second, Plaintiff alleges that Defendant's deposition testimony differs from Defendant's alleged cell phone log records. Third, Plaintiff alleges that her former attorney and Plaintiff's attorney agreed at Defendant's deposition that Defendant would be available to be re-deposed at a later date.

12. Defendant disputes Plaintiff's three aforementioned allegations and asserts that a second deposition of Defendant would be duplicative and unnecessarily burdensome to Defendant. Plaintiff's former attorney deposed Defendant on her personal knowledge regarding the events leading up to, during, and after the accident. Plaintiff, therefore, has already fully obtained Defendant's testimony regarding Defendant's knowledge about the accident and has been afforded ample opportunity to pursue this area of discovery in the first deposition of Defendant.

13. Plaintiff, in her motion and her letter to Defendant's counsel dated January 26, 2007, does not identify any questions or topics on which she seeks to depose Defendant that were not previously addressed in Defendant's first deposition.

14. The video conference equipment did not malfunction during Defendant's deposition. Plaintiff's former attorney asked

Defendant various questions and the Defendant responded. This is reflected in the deposition transcript that is attached as "Exhibit A".

15. Plaintiff's allegation that Defendant's prior deposition testimony is inaccurate does not merit a second deposition of Defendant. Plaintiff's dissatisfaction with Defendant's testimonial evidence does not permit her to re-depose Defendant on the same topic. *Alexander v. FBI*, 192 F.R.D. 23, 25 (D.D.C. 2000) (not liking deponent's answers or belief that deponent is lying not sufficient justification for re-deposing witness).

16. Defendant's counsel disputes that she agreed to allow her client to be re-deposed by Plaintiff or Plaintiff's counsel and Plaintiff has provided no substantiation of any such agreement.

Based on the foregoing, Defendant moves this Honorable Court for the entry of an order denying Plaintiff's Motion to Compel Deposition of Jo Ellen Sheldon and Granting a Protective Order precluding the taking of the deposition.

        /S/Beth H. Christman
BETH H. CHRISTMAN, ESQ.
I.D. No. 2107
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant

DATED: October 3, 2007