**EXHIBIT F**

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1992 WL 201002 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

H  
Swift Bros. v. Swift & Sons, Inc.  
E.D.Pa.,1992.  
Only the Westlaw citation is currently available.  
United States District Court, E.D. Pennsylvania.  
SWIFT BROTHERS  
v.  
SWIFT & SONS, INC.  
**Civ. No. 89-5253.**

Aug. 11, 1992.

Gregory Marchesini, Sandler & Marchesini, Robert T. Vance, Jr., Brown, Vance, Jackson & Smith, Philadelphia, Pa., for plaintiff.  
Franklin A. Wurman, Elkins Park, Pa., for defendant.

LOUIS H. POLLAK, Senior District Judge.  
*1 Plaintiff Swift Brothers has submitted a Motion to Compel the Attendance of Defendant Robert Swift, Sr. at a Deposition. For the reasons set forth below, the motion is GRANTED.

Plaintiff filed its original complaint on July 18, 1989, seeking to recover damages for loss of income due to defendant's alleged misappropriation of plaintiff's customer lists, trademark infringement and unfair competitive practices. Since then, the parties have engaged in extensive and drawn out discovery. The latest discovery deadline, after having been extended by this court several times, was July 1, 1992.

On July 2, 1991, over a year ago, plaintiff first deposed Robert Swift, Sr. Several months later, plaintiff tried twice to schedule another deposition of Robert Swift, Sr., once on June 17, 1992, when defendant cancelled, and then on June 30, 1992. Robert Swift, Sr. did not appear on the second occasion, stating through counsel that he did not believe he was required to attend since he had already been deposed by plaintiff.

Plaintiff seeks to depose Robert Swift, Sr. a second time in order to explore three areas: 1) the identity of Robert Swift, Sr.'s current and former customers, 2) the recent affidavit of a former employee of Robert Swift, Sr., Larry Johnson, and 3) the personal tax returns of Robert Swift, Sr. for the years 1984 through 1990 and the corporate tax returns of Swift & Sons for the year ending September 30, 1991. Defendant argues that Robert Swift, Sr. should not be compelled to attend a second deposition since he was already deposed by plaintiff's counsel.

As with most discovery disputes, the decision to allow a second deposition of a witness rests solely with the discretion of the court. Under Fed.R.Civ.P. 26(c), a court may order that "discovery not be had" where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Although courts have demonstrated some willingness to deny discovery in cases of interrogatories and document production requests, according to C. Wright and A. Miller,  
[i]t is ... difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied ...

Wright & Miller, 8*Federal Practice and Procedure,* § 2037, pp. 272-73. Listing the limited circumstances in which courts have ordered that a deposition not be taken, Wright and Miller note that one such circumstance is where "the information sought has already been obtained by prior depositions or other means of discovery." *Id.*

Defendant does not argue that plaintiff already has the information, but rather that plaintiff has missed its opportunity to ask the questions and gather the responses. Specifically, defendant contests plaintiff's right to re-depose Robert Swift, Sr. on the issue of the customer list.[FN1] While plaintiff did ask Robert Swift, Sr. in his first deposition whether a customer list existed, plaintiff did not even cursorily review Robert Swift, Sr.'s past and current customer pool. Except for stating that Robert Swift, Sr. was already deposed by plaintiff, thereby suggesting that a second deposition would

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1992 WL 201002 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

perhaps be an "annoyance," defendant has not presented the court with good cause to deny plaintiff's motion to compel the attendance of Robert Swift, Sr. at a second deposition.[FN2]

**\*2** Each of the areas plaintiff's counsel wishes to explore in the second deposition of Robert Swift, Sr. is relevant to the outcome of this case, particularly within the broad test of relevancy at the discovery stage. To grant plaintiff's motion would not be "beyond the bounds of discovery," as the deposition was scheduled before the discovery deadline of July 1, 1992.

For the foregoing reasons, plaintiff's Motion to Compel the Attendance of Defendant Robert Swift, Sr. at a Deposition is hereby GRANTED. This deposition shall take place by the parties' pre-trial conference on Wednesday, August 19, 1992.

> FN1. Defendant seems to concede that Robert Swift, Sr. may be re-deposed on the topic of his personal tax returns and the corporate tax returns of Swift & Sons. *See* Ex. D, Plaintiff's Motion to Compel Attendance.
>
> FN2. Plaintiff also seeks to depose Robert Swift, Sr. concerning statements made by Larry Johnson in an affidavit executed on June 16, 1992. Since Robert Swift, Sr. is going to be re-deposed anyhow, I see no problem with plaintiff's counsel questioning Robert Swift, Sr. on Mr. Johnson's statements.
> As an additional matter, defendant asks that the court preclude the testimony of Larry Johnson at trial, arguing that plaintiff failed to identify the witness in interrogatories or to supplement its responses to include the witness. As defendant has not made a formal motion in this regard as required by local Rule of Civil Procedure 20, leaving the court short on facts and legal authority, I will not rule on this request.

E.D.Pa.,1992.  
Swift Bros. v. Swift & Sons, Inc.  
Not Reported in F.Supp., 1992 WL 201002 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw Delivery Summary Report for BRANNAN,SARAH 6255885**

| | |
|---|---|
| Date/Time of Request: | Wednesday, October 3, 2007 10:55 Central |
| Client Identifier: | SCB ADAMS V. SHELDON |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 188 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.