```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS                    :
716 North Barrett Lane          :
Christiana, DE 19702            :       DISTRICT COURT
                                :
     PLAINTIFF,                 :
                                :
     v.                         :       No. 04-251 JJF
                                :
JO ELLEN CHAPEN SHELDON         :
708 Pebble Beach Drive          :
Elkton, MD 21921                :
                                :       TRIAL BY JURY DEMANDED
     DEFENDANT.                 :
```

**DEFENDANT'S REPONSE TO PLAINTIFF'S MOTION FOR FEES FOR EXPERT WITNESS REPORT(S) FROM DEFENDANT**

Defendant, Jo Ellen Chapen Sheldon, by and through her undersigned counsel, hereby responds to Plaintiff Ashley Adams' Motion For Fees for Expert Witness Report(s) From Defendant. In support thereof, Defendant submits the following:

1. This personal injury action, filed on April 20, 2004, arises out of a motor vehicle accident that occurred on April 23, 2002.

2. Rule 26(a) Initial Disclosures were provided by Plaintiff on June 20, 2005 in which she designated as experts Drs. King, Eppley, Briggs, Grossinger, Brooks, Marks and Donald E. Jennings, Ed.D. These disclosures are attached as "Exhibit A". Records of medical treatment were provided with that document.

3. A Trial Scheduling Order was issued on December 7, 2006, stating that reports from experts required by Fed. R. Civ.

P. 26(a)(2) were due from the party with the burden of proof by April 30, 2007. The Order is attached as "Exhibit B". To date, Plaintiff has not supplied such reports from any expert.

4. Plaintiff's Motion For Fees for Expert Witness Report(s) From Defendant seeks a court order requiring Defendant to pay an unidentified portion of Plaintiff's expert costs.

5. Pursuant to Federal Rule of Civil Procedure 26(b)(4)(c),

> [u]nless manifest injustice would result, (I) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions of the expert.

6. This Rule is only pertinent if Defendant is seeing discovery of Plaintiff's experts. Under those circumstances, as Defendant would be causing the expert to submit to a deposition or spend time answering interrogatories, for which the expert would expect to be paid. Since that work would not have been requested by Plaintiff, the Rule provides that the Defendant would have to bear the expense of any such work.

7. Here, however, Defendant is not seeking discovery from Plaintiff's experts and therefore the Rule cited by Plaintiff does not apply. In fact, it is not clear to Defendant whether Plaintiff has even formally retained experts.

8. Plaintiff's motion appears to be requesting the

Defendant pay for her experts to provide reports and for their testimony at trial. There is no Rule which requires the Defendant to pay for Plaintiff to prove her case. Rather, it is the burden of the Plaintiff to prove the case and the Plaintiff must bear the expert witness costs, subject to a Motion of Costs at the conclusion of the case, if the verdict so permits. Local District Court Civil Rule 54.1(a).

9. In the case of *Delgado v. Sweeney*, 2004 WL 228962 (E.D. Pa.)(attached as "Exhibit C"), the Court explained that indigent litigants initially bear their initial own legal expenses (citing *Tabron v. Grace* 6 F.3d 147, 159 (3rd, 1993).

10. As this case proceeds to trial, the Plaintiff will have the burden of proving that she was injured as a result of the accident. To accomplish this, she will need to provide expert testimony as noted in the Defendant's Motion for Summary Judgment previously filed in this matter. There is no rule or common law provision which would require a Defendant to pay Plaintiff's expert fees and other costs of going to trial.

11. The Defendant is already bearing the costs of defending herself against claims which may be found to be groundless by a jury. She will not be able to recoup her legal fees and incidental expenses from the Plaintiff if that is the case. There is no rule of law under which she can be required to pay for Plaintiff' expert costs as well, at this stage of the litigation.

WHEREFORE, the Plaintiff's Motion for Fees for Expert Witness reports and other expert witness costs must be Denied for all of the foregoing reasons.

/S/Beth H. Christman
BETH H. CHRISTMAN, ESQ.
I.D. No. 2107
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant

DATED: October 4, 2007