**EXHIBIT C**

Westlaw

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 228962 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Delgado v. Sweeney
E.D.Pa.,2004.
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Orlando DELGADO
v.
Edward SWEENEY, et al.
**No. Civ.A. 01-3092.**

Filed June 21, 2001.
Jan. 6, 2004.

represented by Orlando Delgado, Sci Camp Hill, Camp Hill, PA, Plaintiff, pro se.
Anthony E. Orr, Drinker Biddle & Reath, Phila, PA, Lead Attorney, Attorney to be Noticed, Rebecca S. Rimmer, (See above for address), Lead Attorney, Attorney to be Noticed, for Orlando Delgado, Plaintiff.
represented by James M. Caponi, Marshall Dennehey, Warner Coleman & Goggin, Joseph J. Santarone, Jr., Marshall Dennehey, Warner Coleman & Goggin, Norristown, PA, Lead Attorney, Attorney to be Noticed, for Edward Sweeney, Defendant.
represented by James M. Caponi, Joseph J. Santarone, Jr., (See above for address), Lead Attorney, Attorney to be noticed, for Cindy Egizio, Defendant.
represented by James M. Caponi, Joseph J. Santarone, Jr., (See above for address), Lead Attorney, Attorney to be Noticed, for Nancy Afflebach, Defendant.
represented by Joseph J. Santarone, Jr., Stephen M. Vannatten, (See above for address), Lead Attorney, Stuart T. Shmookler, Shmookler and Schwartz, Allentown, PA, Lead Attorney, Attorney to be Noticed, for Louise Dillinsnyder, Defendant.
represented by James M. Caponi, (See above for address), Lead Attorney, Attorney to be Noticed, for Lehigh County Prison, Respondent.

ANGELL, Magistrate J.

*FACTUAL AND PROCEDURAL BACKGROUND*

**\*1** This matter was referred to me by the Honorable Louis H. Pollak for resolution of all nondispositive pre-trial matters by Order dated October 8, 2002. Presently before me is Plaintiff's Motion for Relief from Expert Fees and Defendants Lehigh County Prison, Edward Sweeney, Cindy Egizio and Nancy Afflebach's Response to Plaintiff's motion.

Plaintiff Orlando Delgado has instituted this action against Defendants in which he claims that he was denied adequate medical care for heroin withdrawal symptoms and diabetes when he was in Lehigh County Prison.

*MOTION FOR RELIEF FROM EXPERT FEES*

Plaintiff wishes to depose Defendants' expert witness, Dr. Timothy Michals, and he has filed a motion for relief from the payment of Dr. Michals' expert fees. In the alternative, Plaintiff believes that Dr. Michals' fee is unreasonable,[FN1] and he asks the court to reduce his rate to a more reasonable fee.

> FN1. Dr. Michals charges $2.550.00 for two hours of deposition testimony and $500.00 for every additional hour.

As a general rule, indigent litigants initially bear their own litigation expenses. *Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir.1993). The threshold question, here, then becomes whether the cost of deposing Defendants' expert witness should be shifted to Defendants.

The Federal Rules of Civil Procedure provide the mechanism for taking discovery from an expert witness. *Reed v. Binder,* 165 F.R.D. 424, 425 (D.N.J.1996). Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial.""Unless manifest injustice would result ... the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 2
Not Reported in F.Supp.2d, 2004 WL 228962 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

responding to discovery ..."Fed.R.Civ.P. 26(b)(4)(C). Unfortunately, there is no clear definition of "manifest injustice".*Reed,* 165 F.R.D. at 425. By the terms of Rule 26(b)(4)(C), exceptions to the normal course of payment of expert's fees for deposition testimony is permitted. *Id.* at 428.

Plaintiff herein relies on *Reed* as justification to shift the cost of deposing Dr. Michals to Defendants. The court must "weigh the possible hardships imposed on the respective parties ... [and] balance the need for doing justice on the merits between the parties ... against the need for maintaining orderly and efficient procedural arrangement."*Id.* at 427-428,*Gorlikowski v. Tolbert,* 52 F.3d 1439, 1444 (7th Cir.1995).*Reed* held that manifest injustice would result if the impoverished plaintiffs had to pay six defense experts for their testimony. *Reed,* 165 F.R.D. at 428. The court found that the "imposing economic obstacle facing these plaintiffs seeking redress for the death of their wife and mother (and chief financial support) requires that these costs be shifted to the defendants."*Id.*

*Reed,* however, is distinguishable. There, the plaintiffs alleged that they were forced to undertake the depositions because of the inadequacies of the defense experts' reports. *Id.* at 429.After close examination the court found that the plaintiffs were substantially correct. *Id.* The court found that all of the six defense expert reports, to some extent, failed to meet the disclosure requirements of Rule 26(a)(2)(B).*Id.* at 430.Because the defendants failed to meet the disclosure requirements of Rule 26(a)(2)(B), the court found that the appropriate *sanction* was to require the defendants to bear the fees charged by their experts. *Id.* at 431.(emphasis added).

*2 In *Tabron,* plaintiff, a State prisoner, brought suit under 42 U.S.C. § 1983 against eight prison officials, claiming that they had violated his constitutional rights by failing to protect him from an assault by another prisoner. *Tabron,* 6 F.3d at 150. The court denied indigent plaintiff's request to commit federal funds to pay for deposition transcripts. *Id.* at 159.In the alternative, plaintiff argued it was within the equitable powers of the district court to order the defendants to pay for deposition transcripts for plaintiff as a condition for taking the depositions. *Id.* The court agreed that a district court might, under some circumstances, exercise its discretion to order an opposing party to pay for copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions. *Id.*"However, the magistrate judge declined to do so here after finding that copies of the transcripts were not necessary for Tabron to make his case, at least at the summary judgment stage."*Id.* The magistrate judge had noted that plaintiff had not demonstrated in any of his papers why he needed copies of the transcripts to defend against the motion for summary judgment. *Id.*"Given that, as a general rule, indigent litigants bear their own litigation expenses, at least initially, we cannot say that the district court's decision not to order defendants to provide [plaintiff] with copies ... was an abuse of discretion."*Id.* at 159-160.

After weighing the possible hardships imposed on the respective parties and balancing the need for doing justice on the merits, the cost of deposing Dr. Michals should not be shifted to the defendants. Although it is within the discretion of the district court to shift the cost, Plaintiff has failed to meet his burden of showing that "manifest injustice" would otherwise result.Fed.R.Civ.P. 26(b)(4). Here, the record indicates that Plaintiff was able to retain and depose his own expert witness. Thus, he is able to make out a *prima facie* case. In addition, Plaintiff's reliance on *Reed* falls short. Plaintiff has neither alleged nor shown "a scarcity of information" in Dr. Michals' report. Contrary to *Reed,* Plaintiff here is not forced to undertake the deposition because of inadequacies of the defense expert report. Here, there is no evidence that Dr. Michals' report is inadequate in any way. Plaintiff desires to take Dr. Michals' testimony in order to determine his qualifications to opine on Plaintiff's medical condition. This, seemingly, would be very easily challenged at trial. In any event, it falls short of the sort of "ambush at trial" that *Reed* sought to prevent.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2004 WL 228962 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Manifest injustice is a "stringent standard". *Fisher-Price, Inc. v. Safety 1st, Inc.,* 217 F.R.D. 329, 330 (D.DE 2003). Plaintiff has not demonstrated that shifting the cost of discovery to Defendants would prevent manifest injustice.

*REASONABLENESS OF FEES*

**\*3** In the alternative, Plaintiff argues that Dr. Michals' fees are unreasonable and should be reduced. In determining whether a fee request pursuant to Rule 26(b)(4)(C) is reasonable:

[C]ourts consider seven criteria: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by *Rule 26.Fisher-Price,* 217 F.R.D. at 333.

Ultimately, it is in the court's discretion to set an amount that it deems is reasonable. *Id.* "Implicit in the above factors is that a 'rich' party should not be allowed to agree to pay excessively high fees to its expert in order to prevent a 'poorer' opposing party from being able to afford to depose the expert." *EEOC v. Johnson & Higgins, Inc.,* 1999 WL 32909, 4 (S.D.N.Y.1999). When parties offer no useful information about the factors, the court may focus on the rate the expert usually charges and the rate the expert charges the retaining party tempered by the court's sense of what is reasonable. *Id.* Courts most often reduce expert fee requests when the expert seeks to charge the opposing party a higher rate than the expert charges the retaining party. *Id.*

The issue is whether Dr. Michals' rate of $2,550.00 for the first two hours of deposition testimony and $500.00 each additional hour is reasonable. It may very well be that Dr. Michals' fees are unreasonable. However, Plaintiff offers no evidence in support of its contention other than the rate charged by Plaintiff's expert. Even when making that argument, Plaintiff does not show that Plaintiff's expert's credentials are comparable to those of Dr. Michals (to imply that Dr. Michals' fees are unreasonable). There is also no evidence to suggest Defendants retained Dr. Michals' services knowing that Plaintiff would not be able to afford to depose the witness. Defendants suggest that they retained Dr. Michals because of his excellent credentials and esteem in the community. Absent a showing by the plaintiff via any of the seven enumerated criteria that Dr. Michals' fees are unreasonable, the court concludes that the rate charged is reasonable.

*CONCLUSION*

Plaintiff has failed to meet the stringent standard of showing that shifting the cost of deposing Defendants' expert witness to the defendants would prevent manifest injustice. Additionally, Plaintiff has failed to provide any evidence for this court to conclude, under the seven-criteria analysis posed by *Fisher-Price* that Dr. Michals' fees are unreasonable. Absent a showing on either issue, Plaintiff's motion is denied.

**\*4** AND NOW, this 5th day of January, 2004, upon consideration of Plaintiff Orlando Delgado's Motion for Relief from Expert Fees and Defendants, Lehigh County Prison, Edward Sweeney, Cindy Egizio, and Nancy Afflebach's Response to Plaintiff's Motion for Relief from Expert Fees, it is hereby ORDERED by the Court that Plaintiff's Motion for Relief from Expert Fees (Docket Entry No. 36) is DENIED.

E.D.Pa.,2004.
Delgado v. Sweeney
Not Reported in F.Supp.2d, 2004 WL 228962 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.