IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS,                          :
                                       :
        Plaintiff,                     :
                                       :
     v.                                : Civ. Action No. 04-251-JJF
                                       :
JO ELLEN CHAPIN SHELDON,               :
                                       :
        Defendant.                     :

---

Ashley Adams, Pro se Plaintiff, Newark, Delaware.

Beth H. Christman, Esquire, Casarino, Christman & Shalk, P.A., Wilmington, Delaware.  Attorney for Defendant, Jo Ellen Chapin Sheldon.

---

**MEMORANDUM OPINION**

October 5, 2007
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court are Defendant's Motion For Summary Judgment (D.I. 79), Plaintiff's Motion To Deny/Dismiss Defendant's Motion For Summary Judgment (D.I. 84), Plaintiff's Motion For Enlargement Of Time For Response Of Plaintiff To Defendant's Motion For Summary Judgment (D.I. 86), Plaintiff's Motion For Order For Procedures For Filing Summary Judgment Motions (D.I. 87), Plaintiff's Motion For Fees For Expert Witness Report(s) From Defendant, and numerous Responses and Replies (D.I. 88, 90, 92, 93, 95, 96, 97, 99, 103, 104). For the reasons set forth below, the Court will give Plaintiff leave to submit/provide expert reports, will deny without prejudice Defendant's Motion for Summary Judgment (D.I. 79) with leave to renew if Plaintiff fails to submit expert reports, will grant Plaintiff's Motion For Enlargement Of Time For Response Of Plaintiff To Defendant's Motion For Summary Judgment (D.I. 86), will deny Plaintiff's Motion To Deny/Dismiss Defendant's Motion For Summary Judgment (D.I. 84), will deny as moot Plaintiff's Motion For Order For Procedures For Filing Summary Judgment Motions (D.I. 87), and will deny Plaintiff's Motion For Fees For Expert Witness Report(s) From Defendant (D.I. 93).

I. **BACKGROUND**

Plaintiff Ashley Adams ("Adams") filed this lawsuit for injuries she allegedly received as a result of a car accident that occurred in Delaware on April 23, 2002. The parties in this case are from different states, and the Court has jurisdiction by reason of the diversity of their citizenship pursuant to 28 U.S.C. § 1332. Plaintiff was initially represented by counsel, but now proceeds pro se.

Plaintiff alleges the vehicle she was driving on April 23, 2002, was stopped at a red traffic light, and was struck in the rear by a car negligently driven by Defendant Jo Ellen Chapin Sheldon ("Sheldon"). (D.I. 1, ¶ 8.) Plaintiff alleges she suffered severe and permanent orthopedic and neurological injuries representing a substantial impairment of her bodily functions to her head, neck, back, arm, hands, shoulder, legs and body, bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back, arms, hands, shoulder, legs and body, including but not limited to fracture of the lamina at C7 and non displaced fracture of the spinous process at C7, left paracentral disc herniation at C6-7 and C6-7 radiculopathy, cervical sprain and strain, lumbar strain and sprain, and exacerbation of all known and unknown pre-existing medical conditions, internal injuries of an unknown nature, severe aches, pains, mental

anxiety and anguish, and a severe shock to her entire nervous system, and other injuries that will be permanent and the full extent of which is not yet known. (D.I. 1, ¶ 9.)

The Court entered a Rule 16 Scheduling Order on March 24, 2005. (D.I. 17.) It required Plaintiff to produce her expert reports by no later than August 12, 2005. Id. On July 20, 2005, Plaintiff identified seven expert witnesses. (D.I. 81, A29-A30.) After the initial Scheduling Order had expired, the Court entered another Rule 16 Scheduling Order on December 7, 2006 (D.I. 70.) By this time Plaintiff was proceeding pro se. The Order set a discovery deadline of February 28, 2007. Id. It required Plaintiff to produce her expert reports by no later than April 30, 2007. Id. Plaintiff initiated requests for expert reports on August 4, 2007. (D.I. 97, A1-A3.)

Defendant has filed a Motion For Summary Judgment which Plaintiff opposes. Plaintiff has also filed several other miscellaneous Motions including a Motion For Fees For Expert Witness Report(s) From Defendant.

## II.  MISCELLANEOUS MOTIONS

On July 16, 2007, Plaintiff filed a Motion For Enlargement Of Time For Response Of Plaintiff To Defendant's Motion For Summary Judgment. (D.I. 86.) Defendant does not object to the motion and, in fact, asked the Court to give Plaintiff additional

-3-

time to respond to the Motion for Summary Judgment. (D.I. 92.) There being no objection, the Court will grant the Motion. The Court notes that Plaintiff filed Responses to the Motion for Summary with supporting brief and exhibits, found at D.I. 88, 95, 96, and 97. They are deemed filed instanter.

Plaintiff also filed a Motion To Deny/Dismiss Defendant's Motion For Summary Judgment. (D.I. 84.) Plaintiff argues that Defendant's Motion should be denied or dismissed because the Court had not issued a separate Order regarding procedures for filing summary judgment motions prior to the filing of the Motion. More particularly, she argues that she cannot answer the Motion because no procedures "exist per Scheduling Order or docket entries showing such an order for procedures for filing summary judgment procedures and the procedures can not be presumed." (D.I. 84.) On the same date that she filed her Motion For Enlargement Of Time, Plaintiff also filed a Motion For Order For Procedures For Filing Summary Judgment Motions. (D.I. 87.) It is similar to the Motion To Dismiss/Deny as it again raises the issue of an Order regarding procedures for filing summary judgment motions.

Initially the Court notes that the procedures for filing summary judgment motions are found on the District Court's web-site. Moreover, subsequent to the filing of these Motions

Plaintiff filed a Response, Supporting Brief, and Appendix opposing Defendant's Motion For Summary Judgment, and has, therefore, complied with the requirements contained in the Court's standard case management Summary Judgment Procedure Order. See www.ded.uscourts.gov/JJFmain. (D.I. 95, 96, 97.) Accordingly, the Court will deny the Motion To Deny/Dismiss Defendant's Motion For Summary Judgment (D.I. 84) and will deny as moot the Motion For Order For Procedures For Filing Summary Judgment Motions (D.I. 87).

Finally, Plaintiff moves the Court to enter an Order requiring Defendant to share the cost of Plaintiff's expert reports, depositions, and expert witnesses for trial testimony fees. (D.I. 93.) It is Plaintiff's burden to prove her case and it is her responsibility to pay the costs she incurs. The Court will deny the Motion. (D.I. 93.) The Court now turns to Defendant's Motion For Summary Judgment.

### III.   STANDARD OF LAW

The Court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of

proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which

it has the burden of proof, the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**IV.  DISCUSSION**

Defendant moves for summary judgment on the basis that Plaintiff was required to produce expert reports on or before April 30, 2007, and she failed to do so.  Defendant contends that without an expert report Plaintiff cannot establish that the medical problems for which she is treating were caused by the April 23, 2002 accident or whether the treatment is for pre-existing medical problems.

Plaintiff responds that discovery is not complete as Defendant has not answered interrogatories served on July 18, 2007, and Defendant's response to a request for production of documents was incomplete.  Plaintiff states that all requisites of the first Scheduling Order were met, including production of expert reports by August 12, 2005.  Plaintiff explains that, subsequent to entry of the December 7, 2006 Scheduling Order, counsel for Defendant indicated she had all the necessary requirements of the prior (i.e., March 24, 2005) Scheduling Order up to the point of the pre-trial conference, which includes expert reports.  Plaintiff states that she relied upon that representation.  Additionally, Plaintiff states that she

"understood those 'expert reports' where [sic] complete by the prior scheduling order and the prior attorney involved in the case." (D.I. 95.) On August 4, 2007, after Defendant had filed her Motion For Summary Judgment, Plaintiff initiated requests for expert reports, and in her Motion For Fees states that she requires three experts, at a minimum. (D.I. 93.)

Inasmuch as jurisdiction in this case is based on diversity of citizenship, the Court applies the substantive law of Delaware. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). "In Delaware, in order to prevail in a negligence action, a plaintiff must prove by a preponderance of the evidence that the defendant's action breached a duty of care in a way that proximately caused injury to the plaintiff. With a claim for bodily injuries, the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert." Rayfield v. Power, 840 A.2d 642, No. 434,2003, 2003 WL 22873037, at *1 (Del. Dec. 2, 2003) (table decision) (citing Money v. Manville Corp., 596 A.2d 1372, 1376-77 (Del. 1991); see also Bushman v. Halm, 798 F.2d 651, 659 (3d Cir. 1986) ("[A]s a matter of ordinary experience, a particular act or omission might be expected under the circumstances to produce a particular result. If that result has indeed followed, it may be permissible to

conclude that a causal relation exists.  On the other hand, the correlation between certain conditions . . . may be beyond lay knowledge.  Therefore, expert medical testimony should be used to aid [the trier of fact's] comprehension that a particular condition may arise out of a specific injury.")

Case law supports Defendant's position.  The Court, however, takes into consideration the fact that Plaintiff now proceeds <u>pro se</u>, and was under the mistaken impression that her former attorney had obtained the required expert reports.  Accordingly, the Court will give Plaintiff leave to obtain the required expert reports.  The Court will deny without prejudice, Defendant's Motion For Summary Judgment, with leave to renew should Plaintiff fail to obtain and provide to Defendant the expert reports within the time period provided by the Court.

## V.  CONCLUSION

The Court will deny without prejudice Defendant's Motion for Summary Judgment and will give Plaintiff leave to obtain expert reports.  (D.I. 79.)  The Court will give Defendant leave to file a motion to extend time to file rebuttal expert reports.  The Court will grant Plaintiff's Motion For Enlargement Of Time For Response Of Plaintiff To Defendant's Motion For Summary Judgment.  (D.I. 86).  The Court will deny Plaintiff's Motion To Deny/Dismiss Defendant's Motion For Summary Judgment, will deny

as moot Plaintiff's Motion For Order For Procedures For Filing Summary Judgment Motions, and will deny Plaintiff's Motion For Fees For Expert Witness Report(s) From Defendant.   (D.I. 84, 87, 93.)