IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY ADAMS, | : |
|     Plaintiff, | : |
| v. | : Civ. Action No. 04-251-JJF |
| JO ELLEN CHAPIN SHELDON, | : |
|     Defendant. | : |

## MEMORANDUM AND ORDER

At Wilmington this 5 day of October, 2007;

Pending before the Court are Plaintiff's Motion To Compel Deposition Of Jo Ellen Sheldon construed as a Motion For Leave To Depose (D.I. 94), Plaintiff's Motion For Protective Order (D.I. 100), Plaintiff's Motion To Compel Discovery Production Of Documents And Answers To Interrogatories (D.I. 101), and Defendant's Motion To Quash Plaintiff's Subpoena For Defendant's Gynecological Records And For Sanctions (D.I. 105). For the reasons discussed below, Plaintiff's Motion For Leave To Depose will be granted, her remaining Motions will be denied, and Defendant's Motion to Quash will be granted and Request For Sanctions will be denied.

I. BACKGROUND

Plaintiff Ashley Adams ("Adams") filed this lawsuit for injuries she allegedly received as a result of a car accident

that occurred in Delaware on April 23, 2002. Plaintiff was initially represented by counsel, but now proceeds pro se.

## II. PENDING MOTIONS

### A. Motion To Compel Deposition Of Jo Ellen Sheldon

Plaintiff moves the Court to compel the deposition of Defendant. (D.I. 94.) Defendant did not respond to the Motion. The Motion states that Defendant was deposed via video-conference on July 6, 2005, and the deposition lasted approximately ten minutes. Plaintiff states that her former attorney reserved the right to another deposition of Defendant at that time and "it was agreed upon." Plaintiff requests a second deposition because Defendant had visual and audio difficulties with the video-conference, many questions remain unanswered, and the deposition was very limited.

Pursuant to Fed. R. Civ. P. 30(a)(2) a party must obtain leave of Court, and the Court must grant leave to the extent consistent with Rule 26(b)(2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case. Based upon Plaintiff's representations, the Court will grant Plaintiff leave to depose Defendant a second time.

### B. Motion For Protective Order

Pursuant to Fed. R. Civ. P. 26(c)(1) and (4) Plaintiff moves the Court for a protective order to protect Plaintiff from

Defendant's unlawful medical record requisitions, unrelated medical history subpoenaed by Defendant, and violation of HIPPA rules. Plaintiff contends that Defendant subpoenaed medical records unrelated in time and events to the April 23, 2002 motor vehicle accident, and that the medical records are privileged and protected. Plaintiff claims the medical records include her gynecological and dental records and the results of more than thirty subpoenas for medical documents from different medical providers. Plaintiff argues that Defendant's attorney has an obligation to limit discovery to only the medical records relevant to this case.

By filing this lawsuit and claiming damages for physical injury allegedly resulting therefrom, Plaintiff has placed her medical condition at issue. Pursuant to Fed. R. Civ. P. 26(b)(1) "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim . . . of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated* to lead to the discovery of admissible evidence." The law is clear that, by the filing of a personal injury action,

Plaintiff waived the physician-patient privilege as to all medical information relevant to her claim. Del. R. Evid. 503(d)(3); Conneen v. MBNA America Bank, N.A., 182 F. Supp. 2d 370, 381 (D. Del. 2002).

Defendant advises the Court that no subpoenas were issued to a dentist or gynecologist. (D.I. 103) Defendant further indicates that Plaintiff's initial disclosures failed to disclose the names of all treating physicians and she was less than forthcoming in her deposition when asked about medical treatment received prior to the April 23, 2002 accident. Finally, neither Plaintiff nor her attorney, when she was represented by counsel, moved to quash any of the subpoenas seeking medical records. Accordingly, the Court will deny the Motion.

### C. Motion To Compel Discovery Production Of Documents And Answers To Interrogatories

Plaintiff seeks an Order compelling responses to a Request for Production of Documents served on Defendants on December 4, 2006, and Interrogatories served on July 17, 2007. (D.I. 101.) Plaintiff states that Defendant responded, albeit incompletely, to the Request for Production of Documents, but to date, she has not answered the Interrogatories. Plaintiff indicates that the objections to the production requests were based upon attorney client privilege or the attorney work product doctrine.

-4-

Plaintiff did not attach to her Motion a copy of the production request for the Court's review. Nor did she provide a copy of Defendant's response to the production request. Defendant responds that she produced all documents that were not objectionable, and that on August 27, 2007, she answered the Interrogatories. (D.I. 104.)

Plaintiff makes a wholesale objection to Defendant's response to the production request. The Court was not provided with sufficient information by Plaintiff to determine if Defendant's objections are well-founded. Also, Defendant indicates that it has answered the Interrogatories. Accordingly, the Court will deny the Motion inasmuch as it appears that the discovery requested has been provided by Defendant.

### D. Defendant's Motion To Quash Plaintiff's Subpoena For Defendant's Gynecological Records

Defendant's move to quash a subpoena issued by Plaintiff to The Women's Place. (D.I. 105.) Plaintiff did not respond to the Motion. The subpoena seeks Defendant's medical records from Molly McBride, M.D., a non-party to this case. Dr. McBride was Defendant's gynecologist at the time of the April 23, 2002 accident. Defendant states that her medical condition has not been asserted as a defense.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) the Court, by which a subpoena was issued, shall quash the subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies. Defendant has not placed her medical condition at issue, filed a claim for physical injuries, or asserted as a defense her medical condition. Indeed, there are no applicable exceptions or waivers of the patient/physician privilege. See De. R. Evid. 503(b), (c), (d). Therefore, the Court will grant Defendant's Motion To Quash.

Defendant asks the Court to impose sanctions against Plaintiff for issuing the McBride subpoena. She notes that Plaintiff had sought her own protective order for gynecological records that she believed Defendant had obtained during the discovery process. Defendant indicates that the timing in issuing the McBride subpoena to obtain Defendant's gynecological records suggests an intent to harass Defendant. The Court can envision no reason why Defendant's gynecological records might be relevant to this case, but will deny Defendant's Motion To Sanction Plaintiff. Plaintiff may be proceeding pro se, however, she is placed on notice that the Court will not countenance her use of discovery as a means to harass, annoy, or vex Defendant.

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion To Compel Deposition Of Jo Ellen Sheldon construed as a Motion For Leave To Depose (D.I. 94) is **GRANTED**. The parties shall agree upon a date and location, and the deposition shall take place no later than December 14, 2007.

2. Plaintiff's Motion For Protective Order (D.I. 100) is **DENIED**.

3. Plaintiff's Motion To Compel Discovery-Production Of Documents And Answers To Interrogatories (D.I. 101) is **DENIED**.

4. Defendant's Motion To Quash Plaintiff's Subpoena For Defendant's Gynecological records (D.I. 105) is **GRANTED** and Request for Sanctions is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

10/5/07