UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASHLEY ADAMS<br>716 North Barrett Lane<br>Christiana, DE 19702 | : <br> : <br> : <br> : | DISTRICT COURT |
| PLAINTIFF, | : <br> : | |
| v. | : <br> : | No. 04-251 JJF |
| JO ELLEN CHAPEN SHELDON<br>708 Pebble Beach Drive<br>Elkton, MD 21921 | : <br> : <br> : <br> : | TRIAL BY JURY DEMANDED |
| DEFENDANT. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING A MEDICAL EVALUATION AND REQUEST FOR ORDER COMPELLING PHYSICAL EXAMINATION PURSUANT TO FEDERAL RULE OF EVIDENCE 35.**

Defendant, Jo Ellen Chapen Sheldon, by and through her undersigned counsel, hereby responds to Plaintiff Ashley Adams' Motion For Protective Order as to the IME which Defendant has scheduled with Dr. Richard Katz in Philadelphia and seeks an Order compelling the Plaintiff's attendance at that examination pursuant to Federal Rule of Evidence 35. In support thereof, Defendant submits the following:

    1.   This personal injury action, filed on April 20, 2004, arises out of a motor vehicle accident that occurred on April 23, 2002. On November 13, 2007 mediation was held by Magistrate

Judge Thygne, but the parties were not able to resolve the case.

2.  Plaintiff has designated as experts Dr. King, a pain management physician, Dr. Eppley, a Neurosurgeon, Dr. Briggs, a chiropractor and Dr. Grossinger, a neurologist, along with several other experts.

3.  After Defendant's motion for summary judgment pertaining to Plaintiff's experts was denied and Plaintiff submitted an expert report from Dr. King, Defendant scheduled an independent medical evaluation of the Plaintiff with Richard Katz, M.D., a Board Certified Neurologist.  This was scheduled for his office at 5401 Old York Road, Klein Building, Suite 405, Philadelphia, PA  19141 for November 8, 2007 at 11:00 a.m.[1]  This was also scheduled as the Court stated Defendant could proceed with this examination after denying the above mentioned motion on October 19, 2007.

4.  Plaintiff advised counsel for the defense that she could not attend the exam on that date, so it was rescheduled to November 12, 2007 at 10:30 a.m.  Plaintiff stated she could not attend on that date so it was re-scheduled for November 13, 2007 at 11:00 a.m.  Because the mediation was then scheduled for that date, Defendant again changed the date of the exam.

5.  At the time of the November 13, 2007 mediation,

---

[1] Copies of letters to Plaintiff advising her of the various IME dates are attached at Exhibit A.

Plaintiff was given a letter stating that, if the matter was not resolved at mediation, the examination would now proceed on November 15, 2007. Plaintiff called to say that date would not work so Defendant again rescheduled the examination. On November 19, 2007, counsel for Defendant called the Plaintiff to confirm the IME date of November 26. Since then, Plaintiff has filed the Motion for a Protective Order seeking to have the IME conducted by a physician in Delaware.

6.  The first time they discussed the IME scheduled for November 8, Plaintiff mentioned to counsel for Defendant that she wanted the exam to take place in Delaware. It was Counsel for Defendant's position at that time, as well as when this was discussed recently, that Defendant may have an examination by a physician of Defendant's choosing in this matter.

7.  Pursuant to Federal Rule of Civil Procedure 35, a party may ask the Court to order that the plaintiff submit to a physical examination by a suitably licensed examiner, upon motion for good cause. Good cause exists when a plaintiff in a lawsuit such as this places her physical condition in evidence by alleging a physical injury. As stated in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, (1964):

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury, cf. *Sibbach v. Wilson & Co.*, supra, places that mental or physical injury clearly in controversy and provides the defendant with good cause

for an examination to determine the existence and extent of such asserted injury.

8.  Good cause exists in this matter as plaintiff has placed her physical condition at issue in seeking to recover damages for a physical injury to her neck and back from the Defendant. The information sought through this examination cannot be obtained in any other manner as it is important that one expert review all of the medical records showing symptoms to these areas of the body before and after the accident, take a history from plaintiff and perform a physical examination of plaintiff. That expert will then be in a position to provide an opinion as to what, if any, of plaintiff's claimed injuries were caused by the accident as well as whether there is any permanent injury or ongoing limitations to the plaintiff.

9.  Plaintiff seeks a protective order from this Court pursuant to Federal Rule of Evidence 26(c), contending that the exam should proceed in Delaware rather than with Dr. Katz. She states that the office is located more that 200 miles from her home address and will require an overburdensome commute with parking and tolls which will be incurred.

10. While plaintiff states the doctor's office is located more than 200 miles from her home address, a Mapquest search shows that it is located 48 miles from her home address on 716 N.

Barrett Lane, Christiana, Delaware.[2] Defendant is not aware of any tolls which will be incurred on this trip. Defendant will pay a reasonable fee for Plaintiff to park in the garage next to the office building where the doctor's office is located.

11. Plaintiff's objection to Dr. Katz because she thinks his credentials will supercede those of her doctors is without merit. There is no law supporting a protective order on those grounds. Plaintiff's contention that the doctor cannot learn anything by examining her five years after the accident also does not warrant a protective order. Given her claims of a permanent injury due to the accident, the doctor's examination is essential to the defense of this case. It is being performed at this date, rather than earlier, as plaintiff only provided her doctor's expert report to Defendant's counsel on October 12, 2007, which gave rise to the necessity for this examination.

12. Dr. Rudin will be called to testify about a limited portion of this case as he saw Plaintiff shortly after the incident and reviewed the films which are said to show a fracture to the spine. His opinion as to when that fracture occurred will be provided to the jury. Defendant has then selected Dr. Katz to perform the evaluation with review of all records given his attention to detail and expertise in determining when various problems may have arisen.

---

[2] A copy of the Mapquest search is attached as Exhibit B.

13. Plaintiff's unsupported statements about Dr. Katz's qualifications, the type of work he performs for defendants and credentials are fodder for cross-examination at trial, but are not the basis for a protective order.

14. Plaintiff has chosen to file this action in Federal Court rather than in the Delaware State Court. There is no law which would prevent a physical examination proceeding within 50 miles of Plaintiff's home address. In fact, Federal Rule of Evidence 45 allows subpoenas which would require a party or witness to travel up to 100 miles from the person's residence, but will allow application for a protective order if travel will be greater than 100 miles for that person.

15. Here, the distance which must be traveled is less than one half of that 100 mile figure. The Defendant has scheduled the examination so Plaintiff will not have to drive through rush hour traffic to get to the appointment or to return home. It can be accomplished within 4 hours or less. Defendant has continually tried to work with Plaintiff's schedule to get the examination scheduled and has rescheduled the appointment many more times than usual to try to accommodate the Plaintiff. It was only after the last date was provided that Plaintiff then said she would not attend the appointment in Philadelphia.

WHEREFORE, as Plaintiff has provided no legally supported grounds to support her request for a Protective Order to prevent

the Defendant from having her examined by Dr. Katz in Philadelphia, the Plaintiff's Motion for a Protective Order must be Denied. As Defendant has shown just cause for proceeding with the medical evaluation by Dr. Katz in Philadelphia, Defendant's Motion to Compel Plaintiff's attendance at the examination must be Granted.

    /S/Beth H. Christman
BETH H. CHRISTMAN, ESQ.
I.D. No. 2107
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant

DATED: December 4, 2007