```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

ASHLEY ADAMS,                      :
                                   :
          Plaintiff,               :
                                   :
     v.                            :   Civil Action No. 04-251-JJF
                                   :
JO ELLEN CHAPEN SHELDON,           :
                                   :
          Defendant.               :
```

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion for Re-Argument of Order Compelling Additional Deposition of Defendant (D.I. 113), Defendant's Motion for Protective Order (D.I. 108), and Plaintiff's Motion for Protective Order (D.I. 126). For the reasons discussed below, Defendant's Motion for Re-Argument will be granted and each parties' Motion for Protective Order will be denied.

I. BACKGROUND

Plaintiff Ashley Adams filed this lawsuit for injuries she allegedly received as a result of a car accident that occurred in Delaware on April 23, 2002. Plaintiff was initially represented by counsel, but now proceeds pro se.

II. PENDING MOTIONS

    A.    **Defendant's Motion for Re-Argument & Motion for Protective Order**

Defendant Jo Ellen Chapen Sheldon moves the Court to allow re-argument of the October 5, 2007 Order (D.I. 112) granting Plaintiff leave to take a second deposition of Defendant.

Defendant contends that the Order erroneously states that the Defendant did not file a response to Plaintiff's Motion to Compel Deposition (construed as a Motion For Leave to Depose)(D.I. 94). Defendant's counsel represents that a "response" was filed on October 3, 2007, but fails to explain why it was untimely. Nonetheless, the Court will grant Defendant's Motion for Re-argument and consider the merits of her response to Plaintiff's Motion.

Pursuant to Fed. R. Civ. P. 30(a)(2), a party must obtain leave of Court if a prospective deponent has already been deposed, and the Court must grant leave to the extent consistent with Rule 26(b)(2). Fed. R. Civ. P. 26(b)(2) provides that discovery may be limited if the Court determines that "the discovery sought is unreasonably cumulative or duplicative."

By her Motion, Plaintiff contends that the deposition of Defendant by video-conference on July 6, 2005 lasted approximately ten minutes, after which her former attorney reserved the right to another deposition and "it was agreed upon." (D.I. 94, ¶7.) Plaintiff further represents that Defendant had audio and visual difficulties at the first deposition.

In response, Defendant contends that a second deposition of Defendant would be duplicative and unnecessarily burdensome, given that Defendant has relocated to Georgia and has had to pay

for deposition by video conference. Defendant denies any agreement to conduct a second deposition at a later date, submits that the video conference equipment did not malfunction during the deposition, and contends that Plaintiff's attorney had ample opportunity to fully depose Defendant, as is evinced by Exhibit A, the thirty page deposition transcript.

After considering the deposition transcript, the Court finds no evidence of audio or visual malfunction or any agreement to continue the deposition at a later date. Further, the Court concludes that Plaintiff's former attorney had adequate opportunity to depose Defendant, and that a second deposition of the Defendant would be duplicative. Accordingly, the Court will deny Plaintiff leave to depose Defendant a second time and rescind the portion of October 5, 2007 Order holding otherwise. In light of this ruling, the Court will deny Defendant's Motion for Protective Order as moot.

    B.    **Plaintiff's Motion for Protective Order**

Plaintiff moves the Court to enter a protective order prohibiting Defendant from conducting an independent medical evaluation of Plaintiff outside of Delaware, and with a particular doctor. (D.I. 126.) Fed. R. Civ. P. 26(c) provides that the Court may, with good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Plaintiff contends that the office of Dr. Katz, the doctor Defendant has scheduled to conduct Plaintiff's independent medical evaluation ("IME"), is "more than 200 miles from Plaintiff's home address" and thus having to travel to the IME presents an undue burden.  Further, Plaintiff contends that "an IME at this stage will present very little evidence given the length of time since the motor vehicle accident," and that Defendant will have an unfair advantage if allowed to present a doctor with "obvious credentials that would most likely supersede" those of Plaintiff's doctor.

In response, Defendant contends that an IME with Dr. Katz would not be unduly burdensome for the Plaintiff and requests an order compelling a physical examination pursuant to Fed. R. Evid. 35. (D.I. 127.)  Defendant contends that she has rescheduled an IME with Dr. Katz four times to accommodate Plaintiff, and that the distance between Plaintiff's residence and Dr. Katz's office is only forty eight (48) miles[1], a not unreasonable distance to ask Plaintiff to travel.  Defendant further contends that an IME continues to be relevant because Plaintiff alleges a permanent injury due to the accident, and that Plaintiff's contention regarding Dr. Katz's credentials is legally baseless.  Lastly, Defendant offers to reimburse Plaintiff for reasonable parking

---

[1]Defendant submits Exhibit B to D.I. 127, a Mapquest printout of directions between Plaintiff's residence and Dr. Katz's office, to verify this claim.

4

costs incurred during the IME.

The Court concludes that Plaintiff has not established that an IME conducted by Dr. Katz would be unduly burdensome, such that a protective order pursuant to Rule 26(c) is warranted. As Plaintiff's physical medical condition is clearly at issue, Defendant has a right to have Plaintiff examined by a suitably licensed examiner. Fed. R. Civ. P. 35(a). No legal authority supports Plaintiff's contention that she is entitled to a protective order because the doctor chosen by Defendant is overly credentialed, or that a forty eight mile trip to undergo an IME would be unduly burdensome. Accordingly, the Court will deny Plaintiff's Motion for Protective Order.

The Court will deny Defendant's request for an order compelling a physical examination at this time, and instruct the parties to schedule a mutually convenient time for Dr. Katz to evaluate Plaintiff. Should the parties be unable to do so, the Defendant may resubmit a request for an order compelling an examination, so long as that request comports with Rule 35(a)(2).

### III. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Motion for Re-Argument of Order Compelling Additional Deposition of Defendant (D.I. 113) is **GRANTED**;

2. Plaintiff's Motion To Compel Deposition (D.I. 94),

      construed as a Motion for Leave to Depose, is **DENIED**, and the portion of the October 5, 2007 Order (D.I. 112) granting D.I. 94 is **RESCINDED**;

3. Defendant's Motion for Protective Order (D.I. 108) is **DENIED** as moot, and;

4. Plaintiff's Motion for Protective Order (D.I. 126) is **DENIED**.

February 28, 2008

                                          _Joseph J. Farnan Jr._
                                        UNITED STATES DISTRICT JUDGE